John D. Bennett, J.
In this construction proceeding the decedent under the terms of his will provided for a marital trust and granted to his wife a general power of appointment. Paragraph Fourth of the will provided that in the event of a default in exercising said power of appointment by the decedent’s wife, the principal of the marital trust would be divided into three trusts, for each of his three children with each of them having a power of appointment.
Under subdivision e of paragraph Eighth he provides: “ If my wife shall die after the probate of this Will her power of appointment hereunder shall be exercisable only by specific reference to this Will.”
The decedent died on June 18, 1966 prior to the effective date of the EPTL, but his wife died after the effective date of said law and her last will and testament dated February 2, 1972 has been probated in the State of Florida, where .she died domiciled.
Under item Seven of her will she disposes of her residuary estate of every kind and nature including that ‘ ‘ over which I may have any power of appointment at the time of my death ”. *470 Under item Four of her will, she provided that all of her estate taxes due by reason of her death, including penalties and interest with respect to property passing under her will or passing or which has passed otherwise than by the terms of her will, were to be paid out of her residuary estate. Unlike her husband’s will she divided her residuary estate into 12 unequal shares for her 12 grandchildren, postponing the payment of such shares until they reach stipulated ages. In the interim their parents (her children) are to receive the income.
If the decedent’s surviving spouse did not effectively exercise the power of appointment and the estate taxes payable on the corpus of the funds over which she has a power of appointment were to be paid out of her residuary estate, it appears that her entire residuary estate may be consumed by taxes.
It is alleged that the trust over which she has the power of appointment has an approximate value of $450,000. The papers also state that if it is determined that she properly exercised her power of appointment, there would be approximately $425,000 available for her residuary estate after payment of taxes, administration costs, liabilities and specific bequests. Accordingly the respondents’ claim that if the power is not deemed exercised and her estate must pay the estate tax due out of her estate, there would not even be sufficient funds to pay preresiduary bequests in the donee’s will.
The critical issue is whether the surviving spouse validly exercised the power of appointment afforded to her under the terms of her husband’s will. Subdivision (b) of BPTL 10-6.1 provides: “ If the donor has expressly directed that no instrument .shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power.” It is the contention of the petitioners that since the will propounded in Florida did not contain such a specific reference, there was no valid exercise of the power.
If the question is controlled by subdivision (b) of BPTL 10-6.1 then it seems clear that the power of appointment was not validly exercised (Practice Commentary by Prof. I. Leo G-lasser, McKinney’s Cons. Laws of N. Y., Book 17B, .1973-1974 Supp., p. 123; 9B Bohan, N. Y. Civ. Prac. par. 10-6.1 [2]; Babin, Blind Exercises of Powers of Appointment, 51 Cornell L. Q. 1). ■ Both Professors Bohan and dasser cite Professor Babin’s law review article in support of this conclusion. However, that article was written prior to subdivision (b) of BPTL 10-6.1 and there was no similar provision contained in prior statutes (4 *471 Warren’s Weed, New York Beal Property, Powers of Appointment, § 7).
Former section 147 of the Beal Property Law (L. 1964, ch. 864) which was in effect at the time of the decedent’s death, provided in part as follows: “ an effective exercise of a power of appointment by its donee requires a manifestation of the donee’s intent to exercise such power. Such a manifestation exists when (4) the donee leaves an effective will purporting to convey all of the assets of the testator, of the character covered by the power, unless the intent that the will is not to operate as an execution of the power, appears, either expressly or by necessary implication, except that if the donor has explicitly directed that no instrument shall be effective to exercise the power unless it contains a reference to the specific power, an instrument which lacks such reference does not validly exercise the power.” In substance the exception in subdivision (4) of former section 147 related only to preventing a so-called “blind” exercise of a power where the donee’s will contains merely a residuary clause without any reference whatsoever to powers. If the donor’s will were accordingly interpreted in accordance with the law in effect at the time of his death, a general reference in the donee’s will to all powers of appointment would satisfy the donor’s requirement of a specific reference. This theory is thoroughly developed by Babin in his law review article (51 Cornell L. Q. 1, 18, 19). It seems also significant that subdivision (4) of former section 147 merely required a 11 reference to the specific power ’ ’ rather than the somewhat more stringent language of subdivision (b) of EPTL 10-6.1 which requires “ a specific reference to the power ” (emphasis supplied).
While there is authority that the law in effect at the time of the execution of the power governs the validity and sufficiency of the exercise of the power (72 C. J. S., Powers, § 44), the doctrine of “ relation back ” supports the application of the law in effect at the death of the donor rather than that of the donee (Matter of Stewart, 131 N. Y. 274; Beeves, Beal Property, Powers, § 940; Simes and Smith, Law of Future Interests [2d ed.], § 918).
The petitioners cite EPTL 1-1.5 which provides that the EPTL applies ‘' to the estates, and to instruments making dispositions or appointments thereof, of persons living on its effective date or born subsequent thereto, without regard to the date of execution of any such instrument ”. However, the same section makes an exception where any rights which have accrued *472 under disposition or appointments in effect prior to September 1,1967 would be impaired or defeated. Mrs. Levine had a vested power of appointment as of the date of the decedent’s death in accordance with the laws then in effect and certainly the application of subdivision (b) of EPTL 10-6.1 under the circumstances present here would impair and defeat that right.
Former section 167 of the Real Property Law (L. 1964, ch. 864) also in effect at the time of the decedent’s death, provided that the provisions of article 5 of the Real Property Law 11 shall apply to all powers of appointment, and to such other powers as are specifically dealt with in its sections, whether such powers were created before or after the effective date of this statute ’ ’. That provision was deleted when the EPTL was enacted because of serious questions regarding the constitutionality of such provision and because of the effect that it might have on certain estates (see letter dated April 13, 1964 from the Surrogates’ Association to the Governor regarding revising article 5 of the Real Property Law; see, also, 65 Col. L. Rev. 1289; EPTL 14-1.1). The deletion of former section 167 of the Real Property Law lends support to the court’s conclusion that the law in effect at the time of the donor’s death is controlling. Accordingly the court finds that the surviving spouse effectively exercised the power of appointment afforded to her.