Evans V. Brewster, S.
Petitioner requests a construction of article third of the will and a determination as to the validity of the exercise of a power of appointment contained therein. Decedent died March 28, 1971, a domiciliary of New York, leaving a will which was thereafter admitted to probate *839 on April 9, 1971. Article third of the will which created a marital deduction trust provides in pertinent part as follows: "third: * * * (2) Upon her death, to distribute the remaining principal (including income accrued but not received) to such persons or to her estate, and on such terms as my said wife may appoint by her will, making reference to this power granted by my will.” (Emphasis added.) Subdivision (3) disposed of the principal on failure to exercise the power of appointment.
Decedent’s wife died August 12, 1976, a resident of the State of New Jersey, leaving a will which was admitted to probate on August 23, 1976. Article third of her will provides: "third: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature, and of, or to which I may be seized, possessed or entitled, including all property over which I have a Power of Appointment, I give, devise and bequeath to my daughter, Eleanor B. Brown, absolutely and forever.” (Emphasis added.)
The question presented is whether the wife properly exercised her power of appointment in view of the requirement set forth in the donor’s will of "making reference to this power granted by my will”. The law applicable to the exercise of a power, where the power is created by will, is the "law of the jurisdiction in which the donor of the power was domiciled at the time of death” (EPTL 3-5.1, subd [g], par [2], cl [A]) in this case the law of New York.
EPTL article 10 (Part 6) sets forth the rules governing the exercise of a power of appointment. Section 10-6.1 provides:
”(a) Subject to paragraph (b), an effective exercise of a power of appointment does not require an express reference to such power. A power is effectively exercised if the donee manifests his intention to exercise it. Such a manifestation exists when the donee: * * *
"(2) Sufficiently identifying the appointive property or any part thereof, executes an instrument purporting to dispose of such property or part;
"(3) Makes a disposition which, when read with reference to the property he owned and the circumstances existing at the time of its making, manifests his understanding that he was disposing of the appointive property; or
"(4) Leaves a will disposing of all his property or all of his property of the kind covered by the power, unless the inten *840 tian that the will is not to operate as an execution of the power appears expressly or by necessary implication.
"(b) If the donor has expressly directed that no instrument shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power.”
In the Practice Commentary (McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.1) to the above section, Professor I. Leo Glasser notes that "Paragraph (b) re-enacts the last portion of former RPL § 174(4) revised to read 'specific reference to the power’ instead of 'reference to the specific power.’ This paragraph qualifies the provisions of paragraph (a) discussed above and is designed to enable a donor to prevent a blind or unconscious exercise of a power by the donee. A blanket exercise of 'all powers’ possessed by the donee will probably not satisfy the intention of the donor who requires that the instrument exercising the power contain a specific reference to it. See, Rabin, Blind Exercises of Powers of Appointment, 51 Cornell L.Q. 1 (1965).”
When decedent’s wife drew her will on April 24, 1974, long after her husband’s death, she obviously was aware of the terms of his will requiring reference to the power contained therein to make the exercise thereof effective. Her reference to the power is contained in the phrase "all property over which I have a power of appointment”. This phrase was used in article third, to exercise the power, article fifth, to exercise the power in an alternative disposition, and in article seventh in referring to the tax consequence of exercising the power. It certainly cannot be said she was unaware of the power and therefore made a blind reference to it. If the phrase can be given any logical meaning, it must have reference to the power given under decedent’s will. While there can be no question that the directions of the donor of a power must be observed (EPTL 10-6.2 subd [a]) the statute (EPTL 10-6.1, subd [b]) likewise directs the manner in which a donor may specifically restrict the exercise of the power if he so desires. To be effective EPTL 10-6.1 (subd [b]) requires not only specific reference to the power but also an expression by the donor that "no instrument shall be effective to exercise the power unless it contains a specific reference” to it. Article third of decedent’s will states simply that reference to the power shall be made. There is no requirement for "specific reference to the power” nor is there any express direction that *841 the instrument will not be effective if it fails to make "specific reference to the power”.
Accordingly the court finds that the repeated reference to "all property over which I [decedent’s wife] have a power of appointment” in articles third, fifth and seventh of her will is a conscious reference to the power given her under decedent’s will herein, and accordingly constitutes compliance with the direction contained in article third of decedent’s will with respect to the effective exercise of the power of appointment granted therein.
In accordance with article seventh of the wife’s will, the estate taxes payable by reason of the exercise of the power shall be paid from her residuary estate without contribution from the trust.
Settle decree.