OPINION OF THE COURT
Evans V. Brewster, S.
In this final accounting proceeding, the executors request that the court determine whether the power of appointment with respect to the marital trust created by decedent herein was validly exercised by his now deceased spouse, the donee of the power.
*874 Decedent died on January 14, 1975, a domiciliary of New York, leaving a will which was thereafter admitted to probate on April 24, 1975. Article third of the will creates a marital deduction trust giving the entire income therefrom to his wife for life and giving her the power to appoint by her will the remainder thereof. It further provides that "[s]uch power of appointment shall be exercisable by my said wife exclusively and in all events but shall be exercisable only by speciñc reference to said power in her last will and testament.” (Emphasis added.) To the extent that there is a failure to exercise effectively the power of appointment the trust remainder would become part of the residuary trust for the benefit of decedent’s two children.
Decedent’s wife died July 3, 1976, a resident of the State of Massachusetts leaving a will dated August 20, 1975 which was admitted to probate. Under Article third of her will the residuary estate "and any property over which I have the power of appointment by will or otherwise,” was given outright to her two sons equally. It is contended by petitioners that the wife, whose will was executed after her husband’s death and with knowledge of the contents of his will, must have intended to exercise the only power given to her by any will in light of the words used by her. An affidavit submitted by one of her sons with respect to the intent of his mother to exercise the power of appointment given her is not only self-serving but also incompetent as evidence (CPLR 4519; Matter of Smith, 254 NY 283, 289) and cannot be considered by the court.
In any event, the intention of the donee is irrelevant where in a case such as this the testator has made it crystal clear that the power is "exercisable only by specific reference” thereto. EPTL 10-6.1 (subd [b]) states: "If the donor has expressly directed that no instrument shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power.” This section is a re-enactment of the last part of subdivision (4) of former section 147 of the Real Property Law revised to read "specific reference to the power” instead of "reference to the specific power”. While the residuary clause in the wife’s will makes reference to a power of appointment, it does not make specific reference thereto. It is "boiler plate” in style and an effective catchall in the ordinary case. Decedent’s will, however, does not permit mere *875 reference to all powers to make the power of appointment effective (EPTL 10-6.1, subd [a]). He uses the words of the statute to require "specific reference to the power” (EPTL 10-6.1, subd [b]) and the choice of words used in the wife’s will does not satisfy that requirement. Accordingly, the court determines that the power of appointment contained in Article third of decedent’s will was not validly exercised by the donee thereof.
The fair value of the legal services by the firm of attorneys for the executors inclusive of services through settlement of the decree to be made herein and distribution thereunder is fixed and determined in the amount requested together with disbursements in the sum of $568.29. Proper additional disbursements may be taxed as costs.