OPINION OF THE COURT
Millard L. Midonick, S.
This is a final accounting by the trustee of the trusts under the will of Frances E. Kirkwood. The income beneficiary of the trusts has died and the court is asked to determine whether *1099 he effectively exercised the power of appointment granted him with respect to one of the trusts. In essence, the issue is whether the provision in the donor’s will requiring specific reference to the power of appointment has been complied with by the language in the donee’s will bequeathing "all I possess upon my death.”
Article Fifth of the donor’s will created two trusts, under subdivisions A and B, to pay the income to her husband for life. If the income from both trusts was less than $2,600 per year the difference was to be paid from trust principal; the principal of the subdivision A trust was to be exhausted before that of the subdivision B trust was invaded. The trustee was also given broad power to invade the principal of both trusts for the benefit of the income beneficiary.
Article Fifth provides further that on the death of the testatrix’ husband the principal of the subdivision A trust was to be distributed: "to and among such one or more persons or corporations, including his own estate, and on such terms and conditions, either absolute or in further trust, as my said husband may appoint by a Last Will and Testament speciñcally referring to and exercising this power.” (Emphasis added.) Any principal not "validly and effectively appointed” goes to the remaindermen of the subdivision B trust who are testatrix’ nieces and nephews.
Mr. Kirkwood was a Massachusetts resident when he died in 1976. He left a handwritten will, clearly not drafted by a lawyer, which was admitted to probate in Massachusetts. His will says:
"I leave my Brother and his wife Shirley all I possess upon my death * * *.
"Mr. Charles Fine [the trustee of the trusts herein] * * * will take care of my funeral expenses my berael [sic] at St. Raymond’s in the Bronx beside my wife”.
Although the exemplified record of proceedings in Massachusetts shows that the probate petition asked for a determination as to whether deceased in his will effectively exercised the power of appointment given him by his wife’s will, the decree is silent on this point. The petition did not mention the trustee, or the persons who would take in default of an effective exercise, as interested parties and the citation apparently published and mailed does not refer to this issue.
The question of the effectiveness of the exercise of this power of appointment is seemingly governed by the law in *1100 effect at the death of the donor, which was May 1, 1966. (Matter of Levine, 76 Misc 2d 469.) That was former section 147 of the Real Property Law which has been characterized as less stringent than the present law (EPTL 10-6.1, subd [b]), with regard to the specificity required in the donee’s will. (Matter of Levine, supra; but cf. Matter of Berard, 89 Misc 2d 838.)
There are very few cases on this point. (See Rabin, Blind Exercises of Powers of Appointment, 51 Cornell LQ 1.) While the authorities cited above point to a general easing of the requirement of specific reference (cf. Rabin, supra, p 19, to the effect that the donee’s exercise of " 'all powers’ * * * might satisfy a specific reference requirement” with Glasser’s Practice Commentary on EPTL 10-6.1 [subd (b)], [Glasser, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.1, 1977-1978 Pocket Part, p 166] that an exercise of " 'all powers’ * * * will probably not satisfy the intention of the donor who requires that the instrument exercising the power contain a specific reference to it”), this case would require a substantial extension of that approach since the donee here did not even use the word "power”.
I find that in bequeathing "all I possess” the donee did not make the necessary specific reference to the power required by the donor’s will regardless of whether it is tested by the provision in the former law as a "reference to a specific power” (Real Property Law, former § 147, subd [4]) or by the present statute as a "specific reference to the power” (EPTL 10-6.1, subd [b]). This is the conclusion reached by the trustee and prayed for in his petition. The persons who would take if the donee were held to have effectively exercised his power have been made parties to this proceeding and have not objected.
This conclusion does not rest solely on the donee’s failure to use the accurate technical language or mention the power. It does not seem to the court that the donee here intended to exercise his power of appointment in favor of his legatees. The language in his will quoted above directing the trustee to pay his funeral expenses, which the trustee proposes (Schedule C-1) be done, without objection, does qualify as a sufficiently specific reference to the power and the tenor of this language indicates by contrast that the testator did not believe he was bequeathing the appointive assets.
*1101 There having been no objections to the account and the account being proper, it is approved.
The court will pass on the fees requested on the affidavits to be submitted with the proposed decree.