OPINION OF THE COURT
Evans V. Brewster, S.
In this intermediate trustees’ accounting, the court is requested to determine whether decedent’s widow effectively exercised the power of appointment given under the marital trust created by article seventh of the will.
Decedent died on June 4,1962 leaving a will dated June 21,1961 which was duly admitted to probate. Under article seventh, a marital trust was created which provided that the entire net income shall be paid to or applied for the use of decedent’s wife, Lena Carmel, and upon her death, the principal and accrued or undistributed income was to be distributed in such manner as the wife directed in her will. It was further provided that “Such power of appointment shall be exercisable by my wife exclusively and in all events but shall be exercisable only by specific reference to said power in her Last Will and Testament” (emphasis added). It was further provided that “To the extent that my wife fails to exercise effectively the power of appointment”, then the assets of the trust were to become part of the residuary trusts created by article eighth of the will in which a separate trust during the life of each child provided for the payment of income and at specified ages *1049 certain percentages of principal and on failure to attain such specified ages, the remainder was payable to their issue (emphasis added).
Lena Carmel, decedent’s wife, died in Florida on December 22, 1978 leaving a will dated August 16, 1974 which was duly admitted to probate. Article fifth of the will provides in pertinent part as follows:
“fifth: All the rest, residue and remainder of my Estate, real, personal or mixed, of whatsoever kind and wheresoever situate, of which I may die seized or possessed, or to which I may be or become in any way entitled, or have any interest, or over which I may have any power of appointment (hereinafter called my ‘residuary estate’), I hereby direct my Executors to divide into two parts or portions”, an equal share of which is then given to her two surviving children.
The law applicable to the exercise of a power, where the power is created by will, is “the law of the jurisdiction in which the donor of the power was domiciled at the time of death.” (EPTL 3-5.1, subd [g], par [2], cl [A].) In this case, it is the law of the State of New York. Under the present law, the choice of words used by decedent’s widow indicating her intent to exercise all powers is irrelevant where in a case such as this, the testator gave specific instructions as to how the power must be exercised. EPTL 10-6.1 (subd [b]) provides, “If the donor has expressly directed that no instrument shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power.” Clearly, decedent’s widow did not effectively exercise the power of appointment under the present law (Matter of Gilchrist, 95 Misc 2d 873).
However, while at the date of death of decedent’s wife, the provisions of the EPTL were in full force and effect, her husband, the decedent herein, died in 1962 prior to the effective date of the EPTL so that any rights which had already accrued under dispositions or appointments then in effect could not be impaired by the provisions of the EPTL (EPTL 1-1.5). Thus, when the decedent died, his *1050 widow had a vested power of appointment under his will which must be considered with respect to limitations placed thereon in accordance with the laws then in effect.
Former section 172 of the Real Property Law (as added by L 1896, ch 547, § 152) which was in effect at the time of decedent’s death provided in substance that the “intentions of the grantor of a power as to the manner, time and conditions of its execution must be observed”. The cases held that it is incumbent upon the court to observe the intention of the grantor and that to the due execution of a power, there must be substantial compliance with every condition required to precede or accompany its exercise (Allen v De Witt, 3 NY 276; Matter of Kennedy, 279 NY 255; Schreyer v Schreyer, 101 App Div 456, affd 182 NY 555). It must also be observed that under section 170 of the Real Property Law, then in effect, any formality to be observed in its execution could be dispensed with although essential conditions could not (Kissam v Dierkes, 49 NY 602). The question thus presented is whether the direction contained in the will that the power shall be exercised by decedent’s wife “only by specific reference to said power” is an essential condition or can be disregarded as mere formality. It would appear that the intention of the decedent is clearly set forth in the choice of words used to mandate a “specific reference” and prevent a blind or a blanket reference to be substituted by the donee of the power.
Upon the recodification of article 5 of the Real Property Law (L 1964, ch 864), EPTL 147 (subd [4]) again set forth that “if the donor has explicitly directed that no instrument shall be effective to exercise the power unless it contains a reference to the specific power, an instrument which lacks such reference does not validly exercise the power.” In the enactment of EPTL 10-6.1 (subd [b]) (L 1966, ch 952, eff Sept. 1,1967), with respect to the exercise of a power of appointment, section 147 of the Real Property Law was slightly revised so that the requirement by the donor “that no instrument shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power.” In the Practice Commentary, Professor I. Leo Glasser (McKinney’s Cons Laws of NY, *1051 Book 17B, EPTL 10-6.1, pp 225, 229, 1982-1983 Pocket Part) points out that the change of words from “reference to the specific power” to “specific reference to the power” was “designed to enable a donor to prevent a blind or unconscious exercise of a power by the donee. A blanket exercise of ‘all powers’ possessed by the donee will probably not satisfy the intention of the donor who requires that the instrument exercising the power contain a specific reference to it.” From the repetition of the successive statutes allowing a donor of a power the right to require specific reference, it must be concluded that such right is no more formality, but rather expresses an essential condition.
In the matter now before the court, the testator used the very words contained in the present statute, namely, that the power was exercisable “only by specific reference to said power.” Such requirement cannot be satisfied by any broad, over-all intent of a donee who knew or should have known when she made her will some 13 years after testator’s death of the stringent requirements contained in his will. The court is aware that in a similar case, a learned former colleague came to a different conclusion in Matter of Levine (76 Misc 2d 469). The words “specific reference to this Will” as stated therein are less restrictive than “only by specific reference to said power” contained in the will before this court and are distinguishable.
Accordingly, the court determines that the will of decedent’s widow did not effectively exercise the power of appointment contained in this will.