■ In the Matter of the Estate of Louis W. Granirer, Deceased. Manufacturers Hanover Trust Company et al., Respondents; Martha Barotz, Appellant.—In a proceeding, *inter alia,* seeking a declaration that Minna B. Granirer properly exercised the power of appointment granted to her pursuant to the will of Louis W. Granirer, Martha Barotz appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), dated May 22, 1985, which, upon denying her motion for partial summary judgment, declared that Minna B. Granirer, in and by article Sixth of her will, validly exercised the power of appointment granted to her by article Fourth (A) of the will of Louis W. Granirer.

Ordered that the order is affirmed, without costs or disbursements.

Louis W. Granirer died on July 14, 1966, leaving a will which was admitted to probate on September 6, 1966. Under article Fourth (A) of his will, Louis Granirer set up a marital

deduction trust for his wife, Minna Granirer. This provision provided, in pertinent part, that the trustee of the trust was:

"to pay the entire net income * * * to my said wife during her life, and upon her death to pay over and distribute the then principal of the trust fund to and among such one or more persons or corporations, including her own estate, and on such terms and conditions, either absolute or in further trust, as my said wife may appoint by a Last Will and Testament specifically referring to and exercising this power.

"Upon the death of my wife, any of said principal not validly and effectively appointed by her shall be added to the trust created by Subdivision B of this Article Fourth".
Subdivision B of article Fourth provided for a residuary trust in favor of Minna Granirer and her son Samuel Granirer, and, upon Minna Granirer's death, in favor of Louis and Minna's four children and any surviving grandchildren.

After Minna Granirer's death on November 6, 1983, her will was admitted to probate on March 27, 1984. Article Sixth of her will provided as follows: "I exercise any powers of appointment that I may have and direct and appoint the property subject to such powers of appointment to my Executor to be added to and become part of my residuary estate and disposed of by my Executor as if it were part of my residuary estate".

Manufacturers Hanover Trust Company, as trustee of the marital deduction trust created by Louis Granirer's will, subsequently commenced this proceeding seeking, inter alia, a declaration that by her will, Minna Granirer had validly exercised the power of appointment granted to her by Louis Granirer's will. The appellant Martha Barotz, the daughter of the Granirers, answered the petition, and then moved for partial summary judgment seeking a declaration that Minna Granirer had not properly exercised the power of appointment.

The Surrogate's Court, in denying the appellant's motion for partial summary judgment, declared that Minna Granirer had validly exercised her power of appointment. We affirm.

Initially, we agree with the Surrogate's Court that whether Minna Granirer properly exercised her power of appointment is governed by Real Property Law former § 147, which was the law in effect at the time of Louis Granirer's death, rather than EPTL 10-6.1 (b) which was in effect at the time of Minna Granirer's death. EPTL 1-1.5 provides, in pertinent part, that "the provisions of this chapter apply to * * * instruments making dispositions or appointments thereof, of persons living

on its effective date [Sept. 1, 1967] * * * except that the provisions of this chapter shall not impair or defeat any rights which have accrued under * * * appointments in effect prior to its effective date". Therefore, the EPTL is not applicable to this case since Minna Granirer was exercising a power of appointment granted to her by the will of her husband, who died prior to September 1, 1967 *(see, Matter of Levine,* 76 Misc 2d 469).

We further agree with the Surrogate's Court that pursuant to Real Property Law former § 147, Minna Granirer properly exercised her power of appointment given to her by Louis Granirer's will. Real Property Law former § 147 provided, as follows:

"§ 147. Exercise of a power, manifestation of intent of the donee. An effective exercise of a power of appointment by its donee requires a manifestation of the donee's intent to exercise such power. Such a manifestation exists when

"(1) *the donee in a deed or will declares in substance that he exercises all powers that he has;* or

"(2) the donee, sufficiently identifying property covered by the power, executes a deed or leaves a will purporting to convey such property; or

"(3) the donee includes in his will, pecuniary gifts or a residuary gift, or both, which, when read with reference to the property which he owned and the circumstances existing at the time of the formulation of the will, indicates that the donee understood that he was disposing of the appointive assets; or

"(4) *the donee leaves an effective will purporting to convey all of the assets of the testator, of the character covered by the power, unless the intent that the will is not to operate as an execution of the power, appears, either expressly or by necessary implication, except that if the donor has explicitly directed that no instrument shall be effective to exercise the power unless it contains a reference to the specific power, an instrument which lacks such reference does not validly exercise the power"* (emphasis supplied).

On this appeal, the appellant Barotz argues that the exception in subdivision (4) is applicable herein and that Minna Granirer has not complied with this exception because she did not specifically mention her husband's will in exercising the power of appointment. We disagree.

As indicated, Real Property Law former § 147 has four disjunctive clauses and therefore compliance with any one

clause would supply the manifestation of the donee's intent to exercise the power of appointment. Subdivision (1) provided that such manifestation of intent existed when a donee in a will declared in substance that he or she was exercising all powers that he or she had. Here, Minna Granirer did just that by exercising "any powers of appointment" she had, thus manifesting her intent to exercise the power of appointment granted to her by Louis Granirer's will. The exception in subdivision (4) was applicable only when the donee left an effective will purporting to convey all of the assets of the testator, of the character covered by the power, to wit, when the donee attempted to make a " 'blind' " exercise of a power of appointment through a bare residuary clause without any reference whatsoever to powers of appointment *(see, Matter of Levine, supra,* at 471; *cf., Matter of Carmel,* 118 Misc 2d 1048, 1051; *Matter of Kirkwood,* 96 Misc 2d 1098; *see also,* Rabin, *Blind Exercises of Powers of Appointment,* 51 Cornell L Q 1 [1965]). In this regard it is noted that the language used in Louis Granirer's will was for the purpose of preventing Minna Granirer from blindly exercising her power of appointment. The exception in subdivision (4) is not applicable herein since Minna Granirer did not attempt to exercise the power through a bare residuary clause, but rather, through a specific clause in her will, which specifically referred to her powers of appointment.

Accordingly, the Surrogate's Court properly declared that Minna Granirer, by article Sixth of her will, validly exercised the power of appointment granted to her pursuant to article Fourth (A) of Louis Granirer's will.

Finally, we note that the only issue before the Surrogate's Court was the construction of article Sixth of Minna Granirer's will and we reach no other issue on this appeal. Brown, J. P., Lawrence, Weinstein and Kooper, JJ., concur.