■ In the Matter of the Estate of MILTON W. HAMILTON, Deceased. KEY TRUST COMPANY, as Executor of the Estate of MILTON W. HAMILTON, Deceased, Petitioner; JOHN H. RICKETSON, Individually and as Administrator of the Estate of ANITA G. HAMILTON, Deceased, Appellant, and MARY H. McLAUGHLIN et al., Respondents.—Crew III, J. Appeal from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered December 13, 1991, which, inter alia, adjudged that Anita G. Hamilton failed to exercise in her last will and testament the general power of appointment which was granted to her by the last will and testament of decedent.

On February 26, 1989 Milton W. Hamilton (hereinafter decedent) died, survived by his spouse, Anita G. Hamilton (hereinafter Hamilton), his daughters, respondents Mary H. McLaughlin, Gwendolyn H. Stevens, and his stepson, respondent John H. Ricketson. Paragraph fourth of decedent's last will and testament, executed on April 5, 1982, directed that the residuary of decedent's estate be divided into two funds, Fund A and Fund B. Fund A was a marital deduction trust and Fund B was a bequest to McLaughlin and Stevens. Paragraph fourth further provided that upon Hamilton's death, the principal remaining in Fund A was to be "paid,

transferred or distributed * * * in such manner * * * as [Hamilton] may by her last Will and Testament direct and appoint"; decedent specified, however, that this power of appointment was "exercisable only by specific reference to said power in [Hamilton's] last Will and Testament". In the event that Hamilton failed to effectively exercise the power of appointment, the assets remaining in Fund A would pass to McLaughlin and Stevens.

Hamilton died 15 days after decedent, leaving a last will and testament dated December 22, 1967. Paragraph second of Hamilton's will provided as follows: "By this paragraph of my Last Will and Testament, I do specifically exercise the power of appointment given to me by *paragraph "Sixth" of the Last Will and Testament of my husband * * * dated the 26th day of August, 1966,* in favor of my son, JOHN HENRY RICKETSON * * * or to his issue him surviving, to the extent of seven-eighths (7/8ths) of the fund over which I have the power of appointment, and I give, devise and bequeath to SUE M. RICKETSON, wife of my son, one-eighth (1/8th) of the fund over which I have the power of appointment under *the said Last Will and Testament of my husband * * ** By these provisions, I do specifically exercise the power of appointment given to me by the Will of my said husband" (emphasis supplied). Decedent's and Hamilton's respective wills were subsequently admitted to probate.

Petitioner thereafter commenced this accounting proceeding seeking, *inter alia,* a determination as to whether Hamilton had effectively exercised the power of appointment granted her in decedent's 1982 will. Surrogate's Court concluded, *inter alia,* that although Hamilton had validly exercised the power of appointment given her in decedent's 1966 will, that will was revoked by subsequent wills executed by decedent in 1975 and 1982. Accordingly, Surrogate's Court decreed that Hamilton did not satisfy the "specific reference" requirement contained in decedent's 1982 will and, therefore, the remainder of the trust would pass to McLaughlin and Stevens. This appeal by Ricketson followed.

We affirm. EPTL 10-6.1 sets forth the rules governing the exercise of a power of appointment and provides, in pertinent part, that "[i]f the donor has expressly directed that no instrument shall be effective to exercise the power unless it contains a specific reference to the power, an instrument not containing such reference does not validly exercise the power" (EPTL 10-6.1 [b]). This particular provision was derived from Real Property Law former § 147 (4), which required a "refer-

ence to the specific power" in order for the exercise to be effective (L 1964, ch 864). With the enactment of EPTL 10-6.1 (b), the language was revised slightly to require a "specific reference to the power" (L 1966, ch 952, eff Sept. 1, 1967) and was apparently designed to allow the donor to prevent the blind exercise of the power of appointment by the donee *(see generally, Matter of Carmel,* 118 Misc 2d 1048, 1050-1051; *Matter of Berard,* 89 Misc 2d 838, 840).

Here, in order to effectively exercise the power of appointment granted her in decedent's 1982 will, Hamilton had to make "specific reference to said power" in her last will and testament *(see,* EPTL 10-6.1 [b]; *Matter of Gilchrist,* 95 Misc 2d 873). This she did not do. The only power referenced by Hamilton in her will was the power of appointment granted her under decedent's 1966 will which, as noted previously, had been revoked by decedent's subsequent execution of a new will in 1975 and again in 1982, in which decedent clearly manifested his intent to revoke all prior wills and codicils *(see,* EPTL 3-4.1 [a] [1] [A]). Thus, Hamilton's sole reference was to a power that had ceased to exist.

The remaining issues do not merit extended discussion. While it is true that decedent granted a power of appointment to Hamilton in his subsequent wills, we cannot infer from Hamilton's exercise of the appointive power conferred under decedent's 1966 will that she similarly intended to exercise any such power existing under decedent's 1982 will. In any event, Hamilton's intent in this regard is irrelevant for decedent "made it crystal clear" that the power of appointment granted by his 1982 will was exercisable only by Hamilton's specific reference thereto in her last will and testament *(see, Matter of Gilchrist, supra,* at 874; *see also, Matter of Carmel, supra,* at 1049). We similarly reject Ricketson's assertion that Hamilton's exercise of the power of appointment conferred by decedent's 1966 will "reasonably approximates" the manner in which decedent directed the power be exercised under his 1982 will. The parties' remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the decree is affirmed, without costs.