OPINION OF THE COURT
Charles J. D’Arrigo, S.
This is a proceeding for the judicial construction of the last will and testament of Sylvester Rossi, who died a resident of Richmond County on March 27, 1958. Decedent’s will dated September 13, 1948 was duly admitted to probate by this court on June 27, 1958. Letters of trusteeship were issued on September 23, 1958 to the petitioner herein, Chemical Bank.
Pursuant to SCPA 1420 (2) petitioner seeks to obtain a determination as to the validity, construction and effect of Article fourth, Paragraph I, which provides as follows: "I hereby give to my said wife the power to appoint the corpus of said Trust 'A’ to her estate, such power to be exercised only by a specific provision therefor in her last will and testament, and in the event that she shall die without exercising such power of appointment in the manner aforesaid, I direct my Executor and Trustee, upon the death of my said wife, to pay over the corpus of Trust 'A’ to the children of my late brother, ernest a. rossi, then living or leaving lawful issue then living, in equal shares, per stirpes and not per capita.”
Decedent’s wife, Marina Rossi, remarried and was known as Marina Woitscheck at the time of her death on September 5, 1994 in Seminole County, Florida. In her last will and testament dated January 13, 1994 which was duly admitted to probate in the State of Florida, Marina Woitscheck makes reference to the aforementioned Trust "A” and her power of appointment as follows:
"third: Under the provisions of the Will of my late former husband, Sylvester rossi, also known as silvestro rossi, which Will was dated September 13, 1948 and was admitted to probate in the Surrogate’s Court of Richmond County, New York, I was given a power to direct the disposition of certain property, namely Trust A, TO-04520, Chemical Bank, 30 Rockefeller Plaza, New York, New York, 10112, as Trustee. I hereby exercise said power of appointment and direct that all property subject thereto shall be disposed of as follows:
"A. I give, devise and bequeath $10,000.00 to my husband, henry e. woitscheck. In the event my husband predeceases *509 me, I give said sum to my dear and loyal friends, kurtis KEESLING and DONNA KEESLING.
"B. I give, devise and bequeath $15,000.00 to my niece, Deborah theresa dunham, or if she does not survive me, as per the provisions of Paragraph 3 (F) herein.
"C. I give, devise and bequeath $15,000.00 to my niece, Margaret WOITSCHECK THEES, wife of CLARENCE H. THEES, JR., Or if she does not survive me, as per the provisions of Paragraph 3 (F) herein.
"D. I give, devise and bequeath to my very dear friend, kathryn preston and her three children, kevin preston, timothy preston and margaret preston, the total sum of $5,000.00 to be equally divided between them.
"E. I give, devise and bequeath to my loyal and very dear friends, kurtis keesling and donna keesling, of 361 Praire Lake Cove, Altamonte Springs, Florida, the total sum of $5,000.00.
"F. All the rest, residue and remainder of the property subject to the aforementioned power or [sic] appointment real or personal and whatsoever character, I give, devise and bequeath to my loyal and very dear friends, kurtis keesling and donna keesling, or to the survivor of them.”
There is no doubt that jurisdiction lies with this court to determine the issues presented herein. The law applicable to the exercise of a power, where the power is created by will, is the law of the jurisdiction at the time of death. Therefore, where the decedent was domiciled in New York, the law of New York is to be applied. Indeed, where the donor died a domiciliary of New York, and the donee spouse exercised the power of appointment in her will, and she died a resident and domiciliary of New Jersey, the court held that the New York law would apply to determine whether the power was properly exercised (Matter of Bernard, 89 Misc 2d 838).
It is acknowledged by all, and evident to the court, that Marina Woitscheck clearly made specific reference in her last will and testament to the power of appointment granted to her by her late husband, Sylvester Rossi. What must be determined by the court, however, is the validity of Marina Woitscheck’s purported exercise of her power to appoint the corpus of Trust "A”.
Petitioner requests the court to construe the language of her will, since Marina Woitscheck did not specifically appoint Trust "A” to her estate, which is the power she was granted under *510 the terms of Sylvester Rossi’s last will and testament. Instead, she disposes of the property comprising the corpus of Trust "A” by specific bequests directly to several beneficiaries. If Marina Woitscheck’s purported exercise of her power to appoint the corpus of Trust "A” was invalid then pursuant to the terms of Sylvester Rossi’s last will and testament the corpus would be distributed to the children of his brother, Ernest Rossi.
Undeniably, Sylvester Rossi gave to his wife a general power of appointment exercisable in favor of her estate, as defined in EPTL 10-3.2 (b). The donee of a general power, however, should be allowed to accomplish by the single act of unrestricted appointment what he could do by an appointment to himself and a later disposition of the assets so appointed (see, Restatement [Second] of Property — Donative Transfers § 19.1). Indeed, comment a to section 19.1 provides in part: "Where the donor creates a general power under which an appointment can be made outright to the donee or outright to the donee’s estate, it is a necessary inference that the donor intends that the donee can accomplish by an appointment to others whatever the donee could accomplish by first making the appointive assets owned property of the donee or of the donee’s estate and then disposing of [the appointive assets as] owned property.” Furthermore, it is well established that the intent of the testator must be gleaned not from a single word or phrase but from a sympathetic reading of the will in its entirety and in view of all the facts and circumstances under which the provisions of the will were framed (Matter of Fabri, 2 NY2d 236, 240). Testamentary intent is best found in the clear and unambiguous language of the instrument itself (Matter of Bisconti, 306 NY 442, 445).
In light of these principles of construction, and upon all of the papers submitted herein, the court is convinced that the intent of Sylvester Rossi was to afford his surviving spouse, upon her death, the opportunity to dispose of the assets of Trust "A” to whomsoever she chose. The court is likewise convinced that Marina Woitscheck clearly desired to distribute the corpus of Trust "A” in the manner set forth in her last will and testament.
Accordingly, pursuant to Article fourth of the last will and testament of Sylvester Rossi and Paragraph third of the last will and testament of Marina Woitscheck there is, indeed, a *511 valid exercise of the aforementioned power of appointment and the corpus of Trust "A” is hereby determined to pass through the will of Marina Woitscheck to those persons entitled thereto as set forth in her last will and testament.