■ In the Matter of BARRY SHENKMAN et al., as Trustees of JACOB BURNS, Respondents; MARY V. DENNIGAN, Appellant.

[737 NYS2d 39] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about June 21, 2001, which dismissed objectant's objections and settled the final account of the subject trust, unanimously affirmed, without costs.

The subject trust instrument permits objectant's testator to exercise a general power of appointment over all remaining trust property "by a will specifically referring to this general power of appointment," and directs the trustees to distribute all such property "not effectively appointed" in a manner not here relevant. Objectant's testator's will gave objectant all of his tangible property, including "any trust * * * over which I may have a power of appointment, general or otherwise." The Surrogate correctly held that under EPTL 10-6.1 (b), the general reference in objectant's testator's will to powers of appointment was ineffective to exercise the specific power granted in the trust instrument. We reject objectant's argument that EPTL 10-6.1 (b) is not triggered unless the donor of the power of appointment expressly states not only that an instrument must specifically refer to the power but also that the appointment shall be ineffective absent such a reference (*cf., Matter of Hamilton*, 190 AD2d 927, 927-928). We also reject objectant's argument that a general reference is ineffective only when contained in a will's residuary clause, rather than, as here, a separate, preresiduary clause. Assuming, arguendo, that the affidavit of the attorney drafter of objectant's testator's will is admissible, the testator's intent is irrelevant where, as here, the donor made clear that an exercise of the power of appointment would be effective only by specific reference thereto (*see, id.*). Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.