■ BONNIE ROMERO, Respondent, v MAGDA ROMERO, Respondent, and CITY OF NEW YORK, Appellant, et al., Defendants. (Action No. 1.) MAGDA ROMERO, Respondent, et al., Plaintiff, v CHARLES CAMERON, Defendant, and CITY OF NEW YORK, Appellant. (Action No. 2.) [647 NYS2d 502] —Order of the Appellate Term of the Supreme Court, First Department, entered August 11, 1994, which affirmed the judgment of Civil Court, Bronx County (Luis Gonzalez, J.), entered July 16, 1991, which, after a jury trial, awarded plaintiff Magda Romero the principal sum of $75,000, and modified the judgment, same court, Judge and date, which awarded plaintiff Bonnie Romero the principal sum of $425,000, by striking the $275,000 award for future pain and suffering, and directing a new trial on that item of damages unless plaintiff stipulates to a reduction of that portion of the award to $150,000, is unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs,

judgments vacated in their entirety, and the matter is remanded for a new trial.

The Civil Court erred when it charged the jury with ordinary negligence. Vehicle and Traffic Law § 1104 permits the operator of an "authorized emergency vehicle" to disregard various regulations concerning traffic flow and direction as long as certain safety precautions are observed (see, Vehicle and Traffic Law § 1104 [b] [1]-[4]). In Saarinen v Kerr (84 NY2d 494), the Court of Appeals, in interpreting for the first time the standard to be applied under the statute, held that: "[A] police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others. This standard demands more than a showing of a lack of 'due care under the circumstance'—the showing typically associated with ordinary negligence claims. It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (supra, at 501; Mullane v City of Amsterdam, 212 AD2d 848, 850). Thus, since the court charged the jury with the standard principles of negligence, i.e., whether defendant had failed to exercise ordinary or reasonable care, rather than whether the officer had acted with "reckless disregard", a new trial is warranted as the trial court charged the jury with an improper standard (Brkani v City of New York, 211 AD2d 740, 741).

Here, Officer Cameron was responding to an emergency radio call concerning a burglary in progress when the collision occurred at the intersection of 147th Street and Willis Avenue.

The Civil Court also erred when it refused to permit defendant to amend its answer to interpose the emergency doctrine defense. In determining whether to grant a motion to amend an answer, the court must consider the merit of the proposed defense and whether the plaintiff will be prejudiced by the delay in raising it (Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170; Herrick v Second Cuthouse, 64 NY2d 692).

It is clear that the defense had merit and plaintiffs have failed to demonstrate that they would have been prejudiced by the proposed amendment as the plaintiffs were aware of the emergency claim from the police report, which they received some six years before the trial. Plaintiffs were also in possession of the SPRINT report of the radio-run received by the officer concerning a burglary in progress and deposed the officer, whom they did not serve, prior to trial. Accordingly, the mo-

tion to amend should have been granted. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.