OPINION OF THE COURT
Howard Miller, J.
This matter came on before me for trial on June 1, 1998, and the defendants requested the court charge the “reckless disregard” standard, rather than the ordinary negligence charge, upon the basis that defendant Officer Thomas E. Hatch was engaged in an emergency operation, as defined by the Vehicle and Traffic Law, at the time of the accident.
*303 It is undisputed that at the time of the accident Officer Hatch was responding to a police call reporting a burglar alarm; did not have any lights or sirens operating on his vehicle; was traveling with a portion of his vehicle on the shoulder of the road; and struck plaintiffs vehicle while attempting to pass him on the right. Defendants contend that (1) Officer Hatch was engaged in an emergency operation as defined in Vehicle and Traffic Law § 101; and (2) pursuant to Vehicle and Traffic Law § 1104 (b) and (d) Officer Hatch was entitled to utilize the shoulder of the road to pass plaintiff on the right; and, therefore, defendants are to be held to the “reckless disregard” standard of care, rather than ordinary negligence.
Although defendants’ answer does not contain any affirmative defense relating to an emergency operation, CPLR 3018 (b) does not specifically provide that such defense be pleaded. Furthermore, plaintiff had deposed defendants, and was provided with a copy of the Town of Ramapo Police Department Daily Bulletin, which was sufficient to place plaintiff on notice of the nature of the activity in which Officer Hatch was engaged at the time of the accident. It is undisputed that a police vehicle is an authorized emergency vehicle (Vehicle and Traffic Law § 101). Under Vehicle and Traffic Law § 114-b an “emergency operation” is one involving certain specified operations, including responding to a “police call” and “alarm of fire”. The Town of Ramapo Police Department Daily Bulletin admitted into evidence shows that Officer Hatch was dispatched to investigate a “burglar/fire alarm.” Thus, at the time of the accident, Officer Hatch was responding to a police call and engaged in an emergency operation as defined in Vehicle and Traffic Law § 114-b (see, McCarthy v City of New York, 250 AD2d 654). That an officer responding to a radio call concerning a burglary in progress is engaged in an emergency operation is also supported by case law (see, Romero v Romero, 231 AD2d 460).
The rules and regulations of the Ramapo Police Department and its internal practices in responding to burglar alarm calls cannot supersede the clear language of the Vehicle and Traffic Law, nor deprive defendants of the protections afforded emergency vehicles engaged in emergency operations.
Inasmuch as Officer Hatch was involved in an emergency operation as defined in Vehicle and Traffic Law § 114-b the standard of liability to be applied is whether Officer Hatch *304 acted with “reckless disregard for the safety of others” (Williams v City of New York, 240 AD2d 734, 736), and the jury will be so charged.