■ ANNA SMITH et al., Respondents, v D.L. PETERSON TRUST, Appellant, et al., Defendant. [678 NYS2d 788] —In an action to recover damages for personal injuries, the defendant D.L. Peterson Trust appeals from an order of the Supreme Court, Kings County (Garry, J.), dated September 22, 1997, which (1) granted the plaintiff's motion for summary judgment on the issue of liability against it and (2) denied its cross motion for leave to amend its answer to assert an affirmative defense of nonpermissive use and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof granting the plaintiffs' motion for summary judgment and substituting therefor a provision denying the motion, and by deleting the provision thereof denying that branch of the appellant's cross motion which was for leave to amend its answer and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff Anna Smith was injured in an automobile accident and commenced this action against the defendants D.L. Peterson Trust (hereinafter the Trust) and Aubrey Davis, the owner and operator, respectively, of the other vehicle involved in the accident. The Trust leased the vehicle driven by Davis to Drew Water Services, Inc., which in turn assigned the vehicle to its employee, Patrick Davis, Aubrey's brother. When the accident occurred, Patrick was on vacation. He had left the subject vehicle at his parents' home, and claimed that he had not given Aubrey permission to drive the car.

We conclude that the Supreme Court erred in denying the motion by the Trust to amend its answer to assert the affirmative defense of nonpermissive use. The complaint specifically alleged that Aubrey operated the subject vehicle with the express or implied consent of the Trust, and the Trust denied this allegation in its answer. Since the question of permissive use appeared on the face of the complaint and was denied in the answer, the Trust arguably was not required to plead nonpermissive use as an affirmative defense (*see, e.g., Stevens v Northern Lights Assocs.,* 229 AD2d 1001; *Green Bus Lines v*

*Consolidated Mut. Ins. Co.,* 74 AD2d 136; *see, generally,* Siegel, NY Prac § 223, at 325 [2d ed]; CPLR 3018 [b]).

In any event, leave to amend a pleading should be freely given, provided the amendment is not defective on its face and does not prejudice or surprise the opposing party (*see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166; CPLR 3025 [b]). Although the Trust failed to offer an excuse for its delay in seeking leave to amend, that circumstance does not bar the amendment absent prejudice resulting directly from the delay (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *McCaskey, Davies & Assocs. v New York City Health & Hosp. Corp.,* 59 NY2d 755).

Here, the plaintiffs' claims of prejudice and surprise are unpersuasive since the Trust claimed nonpermissive use in its original answer, and the relevant facts were explored during discovery proceedings (*see, e.g., Romero v Romero,* 231 AD2d 460; *Cutwright v Central Brooklyn Urban Dev. Corp.,* 127 AD2d 731). Moreover, the evidence in the record reveals that the defense is meritorious.

Finally, the evidence presented by the parties establishes that there are issues of fact with respect to the Trust's defense of nonpermissive use which preclude granting the parties' respective motions for summary judgment on the issue of liability. "[U]nless the evidence adduced has no merit whatsoever, *the question of* consent and authority is for the jury" (*Leotta v Plessinger,* 8 NY2d 449, 461). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.