OPINION OF THE COURT
Terry Jane Ruderman, J.
Defendants move for summary judgment and claimants cross-move seeking summary judgment and dismissal of defendants’ affirmative defenses that claimant, George L. Bliss, Jr.,* was contributorily negligent in causing the accident and did not use a seat belt.
This claim arises out of an accident that occurred on October 20, 1995 at approximately 1:30 p.m. Claimant was driving a six-wheeler truck southbound on 1-87 and over the Tappan Zee Bridge. En route, claimant impacted with the back of a New York State Thruway Authority (NYSTA) truck that was operating in reverse as part of a crew dismantling a lane closure. Defendants move for summary judgment arguing that the conduct of the NYSTA truck driver did not rise to the level of “reckless disregard for the safety of others” as set forth in Vehicle and Traffic Law § 1103 (b). Claimants cross-move for summary judgment disputing the applicability of the recklessness standard and, alternatively, arguing that the driver’s conduct was reckless.
The following facts are undisputed. There were four southbound traffic lanes on the bridge. The first right lane was closed with cones and the posted speed limit in that area was 35 miles per hour (mph) because the bridge was being painted. Claimant was proceeding in the second right lane when he observed a lane closure sign, the cones, the posted speed limit, and three NYSTA trucks located in the closed lane.
The first NYSTA truck, a flatbed “cone truck”, moved in reverse at a speed of approximately 5 mph, as two NYSTA em *551 ployees on the back of the truck picked up cones that formed the lane closure. The second NYSTA truck, a dump truck “back up truck”, proceeded in reverse behind the cone truck. The back up truck’s function was to protect the workers on the rear of the cone truck from oncoming traffic. The back up truck was supposed to maintain a distance of approximately 30 feet behind the cone truck and travel at the same speed as the cone truck. The third NYSTA truck was equipped with an attenuator and was positioned at a distance behind the back up truck at the beginning of the cone setup. The third truck was stationary; its purpose was to signal the lane closure and to dissipate the impact of a collision if an errant vehicle went into the closed lane.
John Lawler operated the back up truck on October 20, 1995. As he proceeded in reverse, at a speed of approximately 15 mph, he struck the bridge curb twice, causing the truck to veer into the second right lane. Thereafter, claimant’s truck impacted with the back up truck which was located at a distance of 100 to 250 feet behind the cone truck. Claimant’s truck then struck the center median and then hit another motor vehicle. There was no indication that, prior to the impact with claimant’s truck, Lawler had either blown his horn or attempted to brake. After the accident, claimant’s speedometer was stuck at 49 mph.
As a result of the accident, Lawler pleaded guilty to unsafe backing in violation of Vehicle and Traffic Law § 1211 (a) which provides: “The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.”
The first issue to be addressed is whether the recklessness standard set forth in Vehicle and Traffic Law § 1103 (b) is applicable in the instant case. Vehicle and Traffic Law § 1103, entitled “Public officers and employees to obey title; exceptions”, provides in pertinent part:
“(a) The provisions of this title applicable to the drivers of vehicles upon the highways shall apply to drivers of all vehicles owned or operated by * * * this state * * * or any other political subdivision of the state, except as provided in this section and subject to such specific exceptions as are set forth in this title with reference to authorized emergency vehicles.
“(b) Unless specifically made applicable, the provisions of this title * * * shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway * * * The foregoing provisions of this subdivi *552 sion shall not relieve any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others.”
Claimants argue that, pursuant to Vehicle and Traffic Law § 1630 and NYSTA’s power to promulgate rules and regulations under Public Authorities Law § 361 (1) (a), NYSTA’s rules and regulations supersede Vehicle and Traffic Law § 1103 (b). Accordingly, claimants argue that negligence is the applicable standard. Vehicle and Traffic Law § 1630, entitled “Regulation of traffic on highways under the jurisdiction of certain public authorities and commissions”, provides in pertinent part:
“The New York state thruway authority * * * may by * * * rule or regulation prohibit, restrict or regulate traffic on * * * any highway, property or facility under its jurisdiction * * * [S]uch * * * rules and regulations shall supersede the provisions of this chapter where inconsistent or in conflict with respect to the following enumerated subjects * * *
“2. Parking, standing, stopping and backing of vehicles.”
The NYSTA rules and regulations to which claimants cite are neither inconsistent nor in conflict with Vehicle and Traffic Law § 1103 (b). Indeed, the rules and regulations do not even address liability. Rather, they set forth safety guidelines for operating vehicles in reverse. For example, the rules and regulations provide: “Back slowly and cautiously”; “Keep vehicle in complete control at all times”; “Check all rear view mirrors before and during backing”; “sound the horn before backing” (claimants’ exhibit U). Thus, the court rejects claimants’ argument that the NYSTA’s rules and regulations supersede Vehicle and Traffic Law § 1103 (b) and the court finds that, because Lawler was actually engaged in work on a highway, the statute is applicable.
The next issue to be addressed is whether Lawler’s conduct was reckless. The reckless disregard standard set forth in Vehicle and Traffic Law § 1103 (b) is the same as that of Vehicle and Traffic Law § 1104 (e). Recently, in Szczerbiak v Pilat (90 NY2d 553, 557), the Court of Appeals restated its interpretation of such standard: “This ‘reckless disregard’ standard of liability was interpreted and applied by this Court in the companion decisions of Campbell v City of Elmira (84 NY2d *553 505) and Saarinen v Kerr (84 NY2d 494, supra). In Saarinen, we equated ‘reckless disregard’ with the well-established tort concept of recklessness, which we defined as the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome (Saarinen v Kerr, supra, at 501; accord, Campbell v City of Elmira, supra, at 510).”
In Szczerbiak v Pilat (supra), the Court of Appeals applied the recklessness standard of Vehicle and Traffic Law § 1104 (e) because the case involved an emergency vehicle, i.e., a police car driven by an Officer Pilat, that was responding to a dispatch of five males fighting. En route to the reported fight, the police officer struck a bicyclist when the officer momentarily glanced down from the road to turn on his emergency lights and headlights. The Court of Appeals held that, “even if Officer Pi-lat were negligent in glancing down, this ‘momentary judgment lapse’ does not alone rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach (see, Saarinen v Kerr, supra, at 502).” (Szczerbiak v Pilat, supra, at 557.)
Claimants argue that Lawler’s failure to adhere to the NYSTA rules and regulations, coupled with the fact that Lawler pleaded guilty to unsafe backing in violation of Vehicle and Traffic Law § 1211 (a), constitutes recklessness.
While “ ‘summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue’ ” (Rotuba Extruders v Ceppos, 46 NY2d 223, 231, quoting Moskowitz v Garlock, 23 AD2d 943, 944), and “negligence cases by their very nature do not lend themselves to summary dismissal ‘since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination’ ” (McCummings v New York City Tr. Auth., 81 NY2d 923, 926, quoting Ugarriza v Schmieder, 46 NY2d 471, 474), the papers before this court fail to raise any genuine issue of material fact which would preclude granting summary judgment in this case.
Lawler’s failure to follow NYSTA’s rules and regulations for operating a back up truck is merely some evidence of negligence (see, Rizzuto v Wenger Contr. Co., 91 NY2d 343, 349 [violation of an administrative regulation is merely some evidence of negligence]; Long v Forest-Fehlhaber, 55 NY2d 154, 160 [violation of an administrative rule is merely some evidence of negligence]). It is also well settled that a guilty plea to a traffic *554 offense does not establish negligence (see, Ando v Woodberry, 8 NY2d 165; Guarino v Woodworth, 204 AD2d 391). Thus, Lawler’s plea to unsafe backing in violation of Vehicle and Traffic Law § 1211 (a), a fortiori, does not establish recklessness. It is also noted that Lawler was not charged with reckless driving under Vehicle and Traffic Law § 1212.
In sum, the court rejects claimants’ argument that Lawler’s failure to adhere to the NYSTA’s rules and regulations, coupled with his plea to a traffic infraction, establishes recklessness under Vehicle and Traffic Law § 1103 (b). The recklessness standard requires more than a showing of lack of due care, which is associated with ordinary negligence (Notorangelo v State of New York, 240 AD2d 716, 717). It “requires evidence that ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome” (Saarinen v Kerr, 84 NY2d 494, 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). Under the circumstances of this case, the recklessness standard has not been met (see, McDonald v State of New York, 176 Misc 2d 130; see also, Rizzuto v Wenger Contr. Co., supra).
Accordingly, defendants’ motion for summary judgment is granted and that branch of claimants’ cross motion which seeks summary judgment is denied.
In light of the court’s determination in favor of defendants, the court need not reach that branch of claimants’ cross motion which seeks dismissal of the aforenoted affirmative defenses raised by defendants in their answer.

 The claim of Joan M. Bliss, George’s wife, is derivative. The court will use “claimant” to refer to George L. Bliss, Jr.