OPINION OF THE COURT
Terry Jane Ruderman, J.
This claim arises out of an accident that occurred on January 21, 1994 at approximately 10:30 a.m. on Route 22, approximately one mile north of Route 202 in Westchester County. Ann Marie Culhane (hereinafter claimant)[1] was driving her car southbound on Route 22, when New York State Trooper John R. Ebanks accelerated his Trooper car, activated its emergency lights, and proceeded from the northbound lane into the southbound lane, hitting claimant’s car. Claimant asserts, inter alia, that the accident was caused by the “negligence, carelessness and recklessness” of Ebanks in his operation of the Trooper car (claim ¶ 52). Defendant denies the allegation and asserts that “defendant was not negligent in any manner, nor guilty of any culpable conduct” (answer ¶¶ 3, 6). Defendant maintains that the Trooper was responding to a nearby tractor trailer accident when he struck claimant’s car. Accordingly, defendant argues that, pursuant to Vehicle and Traffic Law § 1104 (e), claimant must show that the Trooper acted with “reckless disregard for the safety of others” in order to establish liability.
Claimant brings the instant motion by order to show cause seeking that defendant be precluded from asserting that recklessness is the applicable standard of care, as set forth in Vehicle and Traffic Law § 1104, because defendant did not assert it as an affirmative defense in its answer. Defendant argues that Vehicle and Traffic Law § 1104 is not an affirmative defense; rather it establishes the substantive law that defines the extent of the duty owed to claimant. Alternatively, defendant argues that, if it is an affirmative defense, defendant’s answer should be deemed amended to assert it.
Vehicle and Traffic Law § 1104, “Authorized emergency vehicles”, provides, in pertinent part:
“(a) The driver of an authorized emergency vehicle, when involved in an emergency operation, may exercise the privileges set forth in this section, but subject to the conditions herein stated * * *
*63 “(e) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.”
The Court of Appeals has interpreted the aforenoted recklessness standard as “the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome” (Szczerbiak v Pilot, 90 NY2d 553, 557, citing Saarinen v Kerr, 84 NY2d 494, 501, and Campbell v City of Elmira, 84 NY2d 505, 510).
A “police vehicle” (Vehicle and Traffic Law § 101) “responding to * * * the scene of an accident” (Vehicle and Traffic Law § 114-b) is “an authorized emergency vehicle * * * involved in an emergency operation” under Vehicle and Traffic Law § 1104 (a) and is therefore covered by the recklessness standard of Vehicle and Traffic Law § 1104 (e). Upon defendant’s showing at trial that the Trooper was in fact responding to an accident when he struck claimant’s car, defendant would be covered by Vehicle and Traffic Law § 1104 (e). The critical issue is whether defendant must plead Vehicle and Traffic Law § 1104 (e) as an affirmative defense in its answer and whether the failure to plead it constitutes a waiver of the statutory immunity.
The recklessness standard of Vehicle and Traffic Law § 1104 (e), applicable to authorized emergency vehicles involved in an emergency operation, is the same standard as set forth in Vehicle and Traffic Law § 1103 (b), applicable to operators of State and local motor vehicles and other equipment while actually engaged in work on a highway (Vehicle and Traffic Law § 1103; Bliss v State of New York, 179 Misc 2d 549).
In McDonald v State of New York (176 Misc 2d 130), the trial court addressed the issue of whether the State could avail itself of the recklessness standard of Vehicle and Traffic Law § 1103 (b) where the operator of a snowplow, engaged in snow and ice removal on a highway, had an accident with claimants’ motor vehicle. The trial court held that section 1103 (b) was applicable and that the State’s failure to raise the recklessness standard until the close of evidence did not constitute a waiver. The trial court acknowledged that the failure to plead the statutory standard as an affirmative defense deprived claimants of a more realistic view of the merit of their lawsuit at the outset of the litigation and set a trap for claimants. Nonethe *64 less, the trial court felt constrained to follow the Court of Appeals decision in Ferres v City of New Rochelle (68 NY2d 446), which held that the statutory immunity set forth in General Obligations Law § 9-103 was not an affirmative defense that must be pleaded; rather it establishes the substantive law of the duty owed. Contrary to the trial court’s decision in McDonald v State of New York (supra), this court finds that the Court of Appeals analysis in Ferres v City of New Rochelle (supra), of whether General Obligations Law § 9-103 is an affirmative defense, is not dispositive of whether Vehicle and Traffic Law § 1103 (b) and § 1104 (e) are affirmative defenses.
In Ferres v City of New Rochelle (supra), the plaintiff alleged that the owner of the park, the City of New Rochelle, was negligent and therefore liable for the injuries he sustained while bicycle riding into the park. The City of New Rochelle argued that, pursuant to General Obligations Law § 9-103,[2] negligence was not the applicable standard of care when a person is injured while engaged in one of the statutorily enumerated activities, i.e., bicycle riding. Rather, for liability to attach, claimant must prove “willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity” as set forth in General Obligations Law § 9-103 (2) (a). The plaintiff argued that the City should be precluded from relying upon General Obligations Law § 9-103 because it failed to plead it as an affirmative defense or to raise it by dismissal or summary judgment motion prior to trial. The Court of Appeals rejected plaintiff's argument and held the following: “Gen *65 eral Obligations Law § 9-103 is not an affirmative defense that must be pleaded (CPLR 3018 [b]; see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.13). If the statute is applicable, its sole effect is to establish the substantive law defining the extent of the duty owed to plaintiff, and the facts, which arguably bring the case within the statute, are what plaintiff, himself, asserts— that he was injured at the entrance of the park while engaged in one of the included activities, bicycling. While it would have been better practice to raise the legal issue earlier by way of motion, defendant’s failure to do so did not, contrary to plaintiffs contention, result in a waiver.” (Ferres v City of New Rochelle, 68 NY2d 446, 450 [emphasis added].)
The facts which arguably bring a case within General Obligations Law § 9-103 are the acts of the injured party, i.e., that the party was engaged in one of the enumerated activities. Significantly, these facts are particularly within the knowledge of the injured party at the time of the accident. Thus, plaintiff cannot claim surprise as to applicability of the statute. By contrast, the facts which arguably bring a case within Vehicle and Traffic Law §§ 1103 and 1104 are the acts of the defendant. Conceivably, there are instances where a claimant may not have knowledge of the facts which would trigger the statutes’ applicability, i.e., whether at the time of the accident defendant was “engaged in work on a highway” (Vehicle and Traffic Law § 1103 [b]) or “involved in an emergency operation” (Vehicle and Traffic Law § 1104 [a]), and, if not pleaded by defendant, would likely take claimant by surprise.
CPLR 3018 (b) provides: “(b) Affirmative defenses. A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading such as arbitration and award, collateral estoppel, culpable conduct claimed in diminution of damages as set forth in article fourteen A, discharge in bankruptcy, facts showing illegality either by statute or common law, fraud, infancy or other disability of the party defending, payment, release, res judicata, statute of frauds, or statute of limitation. The application of this subdivision shall not be confined to the instances enumerated” (emphasis added). In the interests of fairness and the avoidance of surprise, the statute’s applicability should be pleaded by defendant as an affirmative defense (cf., McDonald v State of New York, 176 Misc 2d 130, supra).
Notably, defendant has particular knowledge of the facts which would trigger the statute’s applicability, and, by raising *66 the statute in the pleading, claimant is able to evaluate the merit of the claim before proceeding to trial. Otherwise, claimant may have an unrealistic view of the potential success of the claim and unnecessary legal expenses and judicial resources would be expended, but for the trap that awaits claimant until defendant asserts the statute’s applicability (see, McDonald v State of New York, supra; see also, Ferres v City of New Rochelle, 68 NY2d 446, 450, supra [the Court of Appeals stated that, in relation to General Obligations Law § 9-103, it would have been better practice to raise the statute’s applicability before trial]).
Defendant’s general denial in paragraph 3 of its answer and its assertion that it was “not negligent in any manner, nor guilty of any culpable conduct” (answer ¶ 6) does not embrace the recklessness standard set forth in Vehicle and Traffic Law § 1104 (e) nor does it give notice to claimant that defendant is invoking the statute. However, leave to amend “shall be freely given” where there is no surprise or prejudice resulting from the delay in asserting the affirmative defense (CPLR 3025 [b]; see, Edenwald Contr. Co. v City of New York, 60 NY2d 957). In the instant case, the facts and circumstances of the accident, where the Trooper car accelerated toward oncoming traffic with its emergency lights activated should have alerted claimant, at the time of the accident, that the Trooper was involved in an emergency operation (claimant testified at her EBT that, prior to the accident, she observed the Trooper car accelerating with its emergency lights activated). Also, during discovery and more than six months before trial, claimant was provided with a report indicating that the Trooper was responding to an emergency at the time of the accident. Further, the issue of emergency vehicle operation was explored during the deposition of Sergeant DeNike. Claimant was also provided with the New York State Lesson Plan for Emergency Vehicle Operations. Moreover, during oral argument of this motion, claimant’s attorney acknowledged that defendant’s attorney had raised the statutory standard in discussions during the discovery phase of this claim. Thus, claimant cannot claim surprise or prejudice resulting from the assertion of the statutory standard (see, Smith v Peterson Trust, 254 AD2d 479; Romero v Romero, 231 AD2d 460; Sims v Town of Ramapo, 177 Misc 2d 302).
Accordingly, claimants’ motion is denied and defendant’s answer is deemed amended to assert Vehicle and Traffic Law § 1104 (e) as an affirmative defense.

. The claim of Patrick Culhane, Ann Marie’s husband, is derivative.

. General Obligations Law § 9-103 provides, in pertinent part:
“1. Except as provided in subdivision two,
“a. an owner * * * of premises * * * owes no duty to keep the premises safe for entry or use by others for hunting, fishing * * * canoeing, boating, trapping, hiking, cross-country skiing, tobogganing, sledding, speleological activities, horseback riding, bicycle riding, hang gliding, motorized vehicle operation for recreational purposes, snowmobile operation, cutting or gathering of wood for non-commercial purposes or training of dogs, or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;
“b. an owner * * * of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted * * *
“2. This section does not limit the liability which would otherwise exist
“a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity”.