■ JOAN M. BLISS et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 96039.) [709 NYS2d 417] —In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Ruderman, J.), dated December 21, 1998, which granted the defendants' motion for summary judgment dismissing the claim and denied their cross motion for partial summary judgment on the issue of liability and to dismiss the defendants' affirmative defenses of contributory negligence and failure to wear a seat belt.

Ordered that the order is affirmed, with costs.

The Court of Claims correctly determined that the "reckless disregard" standard set forth in Vehicle and Traffic Law § 1103 (b) is the same as that set forth in Vehicle and Traffic Law § 1104 (e) (*see, Szczerbiak v Pilat,* 90 NY2d 553; *Saarinen v Kerr,* 84 NY2d 494). Further, the court properly concluded that under the circumstances of this case, that standard was not met, and the defendants were entitled to summary judgment dismissing the claim (*see, Bliss v State of New York,* 179 Misc 2d 549).

The claimants' remaining contentions are without merit. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur. [*See,* 179 Misc 2d 549.]

■ DIANE CERVETTI, Respondent, v ANDREW YANKOWITZ, Appellant. [709 NYS2d 420] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered November 24, 1999, which, *inter alia,* awarded the plaintiff temporary exclusive occupancy of the marital residence and temporary custody of the parties' daughter, and directed him to pay child support in the amount of $85 per week.

Ordered that the order is affirmed, with costs.

The proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Berlly v Berlly,* 237 AD2d 553; *Gianni v Gianni,* 172 AD2d 487). In any event, the awards were appropriate. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.