■ Northbay Construction Co., Inc., Appellant, v Bauco Construction Corp. et al., Respondents. (Action No. 1.) Americo Crecco et al., Appellants, v Dominick Bauco, Also Known as Domenico Bauco, et al., Respondents. (Action No. 2.) [711 NYS2d 510] —In two related actions, inter alia, for an accounting, the plaintiffs in both actions appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Rosato, J.), entered May 4, 1999, which, upon an order of the same court dated January 22, 1998, referring certain matters to a Referee to hear and report, and upon the report of the Referee (Pisani, R.), among other things, in effect, confirmed the Referee's report and denied those branches of their cross motion which were (1) to strike the defendants' affirmative defenses asserted in the answer in Action No. 1, (2) for leave to serve an amended verified reply in Action No. 2, and (3) for summary judgment on the issue of whether a partnership or joint venture existed between the parties since 1982.

Ordered that the order is modified by (1) deleting the provision thereof denying those branches of the cross motion which were to strike the second, third, sixth, seventh, eighth, ninth, and tenth affirmative defenses asserted in the answer in Action No. 1 and substituting therefor a provision granting that

branch of the cross motion, (2) deleting the provision thereof denying that branch of the cross motion which was for leave to serve an amended verified reply and substituting therefor a provision granting that branch of the cross motion, and (3) adding a provision thereto that, upon searching the record, summary judgment is granted to the defendants dismissing the complaints to the extent they seek relief for acts of the defendants which occurred prior to February 3, 1986; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the appellants' cross motion which was for summary judgment on the issue of whether a partnership or joint venture existed between the parties since 1982 since it is undisputed that the parties' partnership or joint venture which was dissolved in 1995, did not exist until February 3, 1986, when the parties signed a written agreement (*see, Zuckerman v City of New York,* 49 NY2d 557). Under the circumstances, we search the record and grant summary judgment to the defendants dismissing the complaints in both actions to the extent they seek relief for acts of the defendants which occurred prior to February 3, 1986 (*see, QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641).

The Supreme Court should have granted those branches of the appellants' cross motion which were to strike the second, third, sixth, seventh, eighth, ninth, and tenth affirmative defenses in the answer in Action No. 1. The defendants in Action No. 1, *inter alia,* (1) failed to show an accord and satisfaction (*see, Conboy, McKay, Bachman & Kendall v Armstrong,* 110 AD2d 1042; *see also, Merrill Lynch Realty / Carll Burr v Skinner,* 63 NY2d 590; *Patel v Orma,* 190 AD2d 782), (2) failed to make a showing of prejudice that would sustain an affirmative defense of laches (*see, Foley Mach. Co. v Amaco Constr. Corp.,* 126 AD2d 603), and (3) failed to establish any instance of alleged misconduct on behalf of the appellants that would support the affirmative defenses of unclean hands and inequitable conduct.

The Supreme Court also erred in denying that branch of the appellants' cross motion which was for leave to serve an amended verified reply in Action No. 2. Leave to amend pleadings "shall be freely given" absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; *see, Fahey v County of Ontario,* 44 NY2d 934; *Faracy v McGraw Edison Corp.,* 229 AD2d 463). Mere lateness is not a barrier to an amendment and significant prejudice must be demonstrated to justify the denial of

an application to amend a pleading (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *O'Neal v Cohen,* 186 AD2d 639, 640). Moreover, the failure to offer an excuse for the delay does not, alone, bar amendment absent a showing of prejudice resulting from the delay (*see, Smith v Peterson Trust,* 254 AD2d 479). Here, the defendant, Dominick Bauco a/k/a Domenico Bauco, in his opposing papers, failed to allege that he would suffer any prejudice as a result of the proposed amendment to the appellants' reply to his counterclaim in Action No. 2 sounding in defamation (*see, McCaskey, Davies & Assocs. v New York City Health & Hosp. Corp.,* 59 NY2d 755; *Bobrowsky v Lexus,* 215 AD2d 424). Furthermore, the affirmative defense of truth that the appellants seek to assert in opposition to Bauco's counterclaim is based on the same arguments and factual assertions set forth in the underlying cause of action in the complaint alleging that Bauco had wasted and mismanaged funds. This issue was explored during discovery and Bauco would not be prejudiced by the amendment (*cf., Smith v Peterson Trust, supra*).

The appellants' remaining contention is without merit. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.