■ HILLTOP NYACK CORP. et al., Respondents, v TRMI HOLDINGS, INC., et al., Defendants, and TYREE ORGANIZATION, LTD.,

et al., Appellants. [712 NYS2d 888] —In an action, *inter alia*, to recover damages for nuisance and damage to real property, the defendants Tyree Organization, Ltd., and Tyree Bros. Environmental Services, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated November 19, 1999, as denied their motion for leave to serve an amended answer.

Ordered that the order is reversed insofar as appealed from, and the motion is granted; and it is further,

Ordered that the time of the defendants Tyree Organization, Ltd., and Tyree Bros. Environmental Services, Inc., to serve an amended answer is extended until 30 days after service upon them of a copy of this decision and order with notice of entry; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The Supreme Court erred in denying the appellants' motion for leave to amend their answer to include an affirmative defense alleging that the action insofar as asserted against them was barred by Navigation Law § 178-a, which provides immunity for certain clean-up efforts undertaken with respect to a discharge of petroleum. Leave to amend the pleadings "shall be freely given" absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; *see, Fahey v County of Ontario,* 44 NY2d 934; *Faracy v McGraw Edison Corp.,* 229 AD2d 463). Mere lateness is not a barrier to an amendment, and significant prejudice must be demonstrated to justify the denial of an application for an amendment (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *O'Neal v Cohen,* 186 AD2d 639, 640). Moreover, the failure to offer an excuse for the delay does not alone bar the granting of such a motion, absent a showing of prejudice resulting from the delay (*see, Smith v Peterson Trust,* 254 AD2d 479). Here, the plaintiffs failed to demonstrate prejudice or surprise as a result of the proposed amendment (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Moreover, the proposed affirmative defense was neither devoid of merit nor palpably insufficient as a matter of law (*see, Bomar v Lane,* 265 AD2d 519). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.