■ DAL YOUN CHUNG et al., Appellants, v ARTHUR FARBEROV et al., Defendants, and SCOTTI's PIZZERIA, Respondent. [727 NYS2d 657] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Arniotes, J.), dated October 14, 1999, as denied that branch of their motion which was for leave to serve and file a supplemental summons and amended complaint, and (2) so much of an order of the same court (Barasch, J.), dated September 22, 2000, as granted the oral motion of the defendant Scotti's Pizzeria to dismiss the complaint insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal from the order dated September 22, 2000, is treated as an application for leave to appeal from so much of the order as granted the respondent's oral motion to dismiss the complaint insofar as asserted against it, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order dated October 14, 1999, is reversed insofar as appealed from, and that branch of the plaintiffs' motion which was for leave to serve and file a supplemental summons and amended complaint is granted; and it is further,

Ordered that the order dated September 22, 2000, is reversed insofar as appealed from, and the oral motion to dismiss the complaint insofar as asserted against the respondent is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

We agree with the plaintiffs that under the facts of this case, the Supreme Court improvidently exercised its discretion in

denying that branch of their motion which was for leave to amend their complaint to allege that the defendant Arthur Farberov was employed by the respondent Scotti's Pizzeria at the time of the accident. There was no prejudice resulting from the plaintiffs' delay in seeking leave to amend the complaint, and there may be merit to the proposed amendment (*see, Banfi Prods. Corp. v Gentile,* 236 AD2d 348; *Brock v Brock,* 256 AD2d 376; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436). In light of this determination, the order dated September 22, 2000, to the extent that it dismissed the complaint insofar as asserted against the respondent, must also be reversed, since it was based upon the denial of that branch of the plaintiffs' motion which was for leave to amend the complaint. Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.