■ EAGLE INSURANCE COMPANY, Appellant, v QUEENS TUN-NEL SERVICE STATION, INC., et al., Respondents, et al., Defendants. [730 NYS2d 867] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants Queens Tunnel Service Station, Inc., Long Island City Service Station, Inc., and John Giannakakis in a third-party action entitled *Wen-Lar Corporation v Texaco, Inc.,* pending in the Supreme Court, Queens County, under Index No. 016884/96, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated April 17, 2001, which denied its motion for leave to serve an amended complaint.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the amended complaint is deemed served.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve an amended complaint. Although the plaintiff did not fully explain the delay in seeking to amend its complaint to add, among other things, allegations that the liability policies it had issued to its insured contained absolute pollution exclusions, "the failure to offer an excuse for the delay does not, alone, bar amendment absent a showing of prejudice resulting from the delay" (*Northbay Constr. Co. v Bauco Constr. Corp.,* 275 AD2d 310, 312; *see also, Hilltop Nyack Corp. v TRMI Holdings,* 275 AD2d 440). Furthermore, the documentary evidence submitted in support of the motion indicates that the proposed amendments to the

complaint may have merit, and the opposing parties failed to demonstrate that they would suffer significant prejudice as a result of the amendments (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Dal Youn Chung v Farberov,* 285 AD2d 524; *Hilltop Nyack Corp. v TRMI Holdings, supra; Brock v Brock,* 256 AD2d 376). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.