■ TONIA HOLCHENDLER, Appellant, v WE TRANSPORT, INC., et al., Respondents. [739 NYS2d 621] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated December 7, 2001, which denied her motion for leave to serve and file an amended complaint.

Ordered that the order is reversed, with costs, the motion is granted, and the supplemental summons and amended complaint which were attached to the notice of motion are deemed served.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve and file an

amended complaint to assert an additional cause of action to recover damages for negligent infliction of emotional distress. CPLR 3025 (b) permits a party to serve an amended or supplemental pleading "at any time by leave of court," and further states that "leave shall be freely given." Moreover, as a general rule, leave to amend should be granted where there is no significant prejudice or surprise to the defendants (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Dal Youn Chung v Farberov,* 285 AD2d 524), and where the documentary evidence submitted in support of the motion indicates that proposed amendment to the complaint may have merit (*see Eagle Ins. Co. v Queens Tunnel Serv. Sta.,* 287 AD2d 434).

The plaintiff satisfied the above criteria. Furthermore, although the plaintiff's motion was made on the eve of trial, "the failure to offer an excuse for the delay does not, alone, bar amendment absent a showing of prejudice resulting from the delay" (*Northbay Constr. Co. v Bauco Constr. Corp.,* 275 AD2d 310, 312; *see Hilltop Nyack Corp. v TRMI Holdings,* 275 AD2d 440). The defendants did not demonstrate any prejudice. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.