■ KEVIN HUNT, Plaintiff, v PIERCE MANUFACTURING, INC., et al., Respondents, SMEAL FIRE APPARATUS CO. et al., Appellants, et al., Defendant. (Action No. 1.) CITY OF NEW ROCHELLE, Plaintiff, v PIERCE MANUFACTURING, INC., et al., Respondents, SMEAL FIRE APPARATUS CO. et al., Appellants, et al., Defendant. (Action No. 2.) [748 NYS2d 603] —In an action to recover damages for personal injuries, and a related action, inter alia, to recover damages pursuant to General Municipal Law § 207-a, which were joined for discovery and trial, the defendants Smeal Fire Apparatus Co., and Smeal Fire Equipment, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered

March 28, 2002, as granted that branch of the motion of the defendants Pierce Manufacturing, Inc., and Tyler Fire Equipment Service Corp., which was for leave to amend their answers in each action by adding two cross claims on behalf of Pierce Manufacturing, Inc., against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Pierce Manufacturing, Inc. (hereinafter Pierce), and Tyler Fire Equipment Service Corp. which was for leave to amend their answers in each action by adding two cross claims on behalf of Pierce against the appellants. The appellants did not demonstrate that they would be significantly prejudiced by the addition of the subject cross claims, and the cross claims are not devoid of merit (*see Holchendler v We Transport,* 292 AD2d 568; *Levine v Levine,* 286 AD2d 423; *Dal Youn Chung v Farberov,* 285 AD2d 524; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436). Furthermore, we reject the appellants' contention that the Supreme Court lacks subject matter jurisdiction to entertain Pierce's first proposed cross claim to recover damages on an implied indemnification theory. The Supreme Court "is a court of original, unlimited and unqualified jurisdiction" which is "competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed" (*Lacks v Lacks,* 41 NY2d 71, 75 [internal quotation marks omitted]; *see also Kagen v Kagen,* 21 NY2d 532; *Morrison v Budget Rent A Car Sys.,* 230 AD2d 253). Since the Supreme Court's jurisdiction over the subject matter of the first proposed cross claim has not been proscribed, it is competent to adjudicate it.

The appellants' remaining contentions are either without merit or raised for the first time on appeal. Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.