■ DOLORES YOUNG, Appellant, v A. HOLLY PATTERSON GERIATRIC CENTER et al., Respondents. [792 NYS2d 914]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), entered July 23, 2004, which denied her motion to amend the complaint to add a cause of action pursuant to Public Health Law § 2801-d.

Ordered that the order is affirmed, with costs.

Although leave to amend a pleading is to be freely given absent surprise or prejudice resulting from the delay (*see* CPLR 3025 [b]), the determination as to whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (*see Sewkarran v DeBellis*, 11 AD3d 445 [2004]; *Travelers Prop. Cas. v Powell*, 289 AD2d 564 [2001]; *Leonardi v City of New York*, 294 AD2d 408 [2002]).

Here, the plaintiff offered no excuse for the long delay in moving to amend the complaint, despite her admission that the facts supporting the proposed cause of action predicated upon Public Health Law § 2801-d were known to her at the time she served her notice of claim and original complaint. Given the plaintiff's extended delay in moving for leave to serve an amended complaint, and the lack of a reasonable excuse for that delay, the Supreme Court providently exercised its discretion in denying the motion (*see Sewkarran v DeBellis, supra; Leonardi v City of New York, supra; Auwarter v Malverne Union Free School Dist.*, 274 AD2d 528 [2000]). In any event, contrary to the plaintiff's contention, the proposed cause of action constituted a new and separate time-barred claim against the defendants (*see* General Municipal Law § 50-e [5]; *Herron v City*

*of New York*, 223 AD2d 676 [1996]; *see also Zeides v Hebrew Home for Aged at Riverdale*, 300 AD2d 178 [2002]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.