(September 19, 2005)

AFBT-II, LLC, Respondent, v COUNTRY VILLAGE ON MOONEY POND, INC., et al., Appellants. [801 NYS2d 366]—

In an action, inter alia, to recover damages for breach of contract and conversion, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.) dated July 23, 2004, as granted the plaintiff's motion for leave to amend the complaint to the extent of permitting it to add a cause of action against the defendants Lawrence T. Gresser and Joseph Simeone for money had and received.

Ordered that the appeal by the defendant Country Village on Mooney Pond, Inc., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further;

Ordered that the order is affirmed insofar as appealed from by the defendants Lawrence T. Gresser and Joseph Simeone; and it is further;

Ordered that one bill of costs is awarded to the plaintiff.

The determination whether to grant leave to amend a pleading is within the court's discretion, and the exercise of that discretion will not lightly be disturbed (*see* CPLR 3025 [b];

*Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 438, 439 [2004]; *cf. Young v A. Holly Patterson Geriatric Ctr.*, 17 AD3d 667 [2005]). The failure to offer an excuse for the delay does not alone bar amending a pleading (*see Holchendler v We Transp.*, 292 AD2d 568, 569 [2002]; *Northbay Constr. Co. v Bauco Constr. Corp.*, 275 AD2d 310, 312 [2000]). The Supreme Court providently exercised its discretion in granting the plaintiff's motion to the extent of granting leave to add a cause of action against the defendants Lawrence T. Gresser and Joseph Simeone for money had and received. There was no showing of significant prejudice or surprise (*see Holchendler v We Transp., supra; Northbay Constr. Co. v Bauco Constr. Corp., supra* at 311-312). Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.