■ MARC A. PERGAMENT, Appellant, v ALFRED J. ROACH et al., Defendants, and RONALD HELLER et al., Respondents. [838 NYS2d 591]—

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty, breach of contract, and unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated May 13, 2005, which granted the motion of the defendants Crown Financial Group, Inc. formerly known as M.H. Meyerson & Co., Inc., Ronald Heller, David S. Nagelberg, Kenneth J. Koock, Martin H. Meyerson, Lawrence Kupferberg, Tyler Runnels, Kevin Charos, and Anthony Charos for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated November 2, 2005, which denied their motion for leave to serve a second amended complaint.

Ordered that the order dated May 13, 2005 is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Crown Financial

Group, formerly known as M.H. Meyerson & Co., Inc., Ronald Heller, David S. Nagelberg, Kenneth J. Koock, Martin H. Meyerson, Lawrence Kupferberg, Tyler Runnels, Kevin Charos, and Anthony Charos which were for summary judgment dismissing the first and second causes of action insofar as asserted against them and substituting therefor a provision denying those branches of the motion; as so modified, the order dated May 13, 2005 is affirmed; and it is further,

Ordered that the order dated November 2, 2005 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This shareholder's derivative action arises from the sale, through a private equity offering, of certain shares of stock in American Biogenetic Sciences, Inc. (hereinafter ABS). ABS is now in bankruptcy, and the action is being prosecuted on behalf of its shareholders by the trustee in bankruptcy. The defendants include Crown Financial Group, Inc., formerly known as M.H. Meyerson & Co., Inc. (hereinafter MHM), which was retained by ABS prior to the transaction to provide financial advice to ABS, Martin H. Meyerson, who was the chief executive officer and chief financial officer of MHM, Kenneth J. Koock, who was the vice chairman and a director of MHM, and Ronald Heller, David S. Nagelberg, and Anthony Charos, all of whom were employees and/or officers of MHM (hereinafter collectively the MHM defendants). The complaint also names, as defendants, Lawrence Kupferberg, Donehew Fund Limited Partnership, Robert Donehew, R. Dave Garwood, David Biggs, Tyler Runnels, Kevin Charos, Jacqueline Knapp, Janice Hall-Nesses, John Davies, and Invest, Inc. (hereinafter the outside investor defendants), all of whom purchased shares through the private offering.

The complaint alleges that MHM breached the agreement by which it was retained, that the MHM defendants violated the fiduciary duty allegedly imposed upon them by that agreement, and that the MHM defendants and the outside investor defendants unjustly enriched themselves, to the detriment of ABS's shareholders, by earning a substantial profit on the ABS shares that they had purchased, allegedly at an artificially depressed price, through the private equity offering. The Supreme Court granted the motion of the MHM defendants and the defendants Runnels, Kupferberg, and Kevin Charos (hereinafter together the moving defendants) for summary judgment dismissing the complaint insofar as asserted against them, finding that the agreement had not been breached, that neither the agreement nor the conduct of the parties gave rise to a fiduciary

relationship, and that a constructive trust could not properly be imposed in connection with the transaction at issue. We conclude that the Supreme Court was incorrect in finding, as a matter of law, that no fiduciary relationship existed between MHM and ABS. We therefore modify the order of the Supreme Court in that regard and deny that branch of the moving defendants' motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against them.

A fiduciary relationship arises " 'between two persons when one of them is under a duty to act for *or* to give advice for the benefit of another upon matters within the scope of the relation' " (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005], quoting Restatement [Second] of Torts § 874, Comment *a* [emphasis supplied]). This definition expressly refers to an agency relationship and an advisory relationship in the disjunctive. Hence, either is sufficient to establish the fiduciary relationship (*see Matter of Granirer*, 131 AD2d 477, 479 [1987]). Moreover, since one can give advice to an entity without having the authority to bind it, the Supreme Court's conclusion that the moving defendants were not fiduciaries because they had no authority to bind ABS is incorrect. Similarly, the fact that the agreement refers to MHM as an "independent contractor" does not defeat the existence of a fiduciary relationship where one would otherwise exist (*see El-Khoury v Karasik*, 265 AD2d 372, 373-374 [1999]).

The critical question here is thus whether MHM was obligated to "give advice for the benefit of" ABS with respect to the private equity offering. The "Financial Advisory Agreement" here in dispute specifically defines MHM's responsibilities. Equity financing, the issue here, is not among the enumerated items. Nevertheless, the agreement also contains general provisions requiring MHM to provide "customary financial consulting advice as is reasonably requested." This provision, together with the deposition testimony given by certain of the MHM defendants that ABS officers had discussions with MHM regarding the possibility of obtaining equity financing, raises triable issues of fact that preclude finding, as a matter of law, that there was no fiduciary relationship between ABS and MHM (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's remaining causes of action were properly dismissed. The plaintiff's breach of contract cause of action is essentially duplicative of the breach of fiduciary duty cause of action. The plaintiff's constructive trust cause of action was

properly dismissed since, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to set forth sufficient evidence, beyond mere conclusory assertions, that the moving defendants made a promise upon which the plaintiff relied, as is necessary for the imposition of a constructive trust (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]; *Kleinman v Kleinman*, 281 AD2d 459, 460 [2001]; *Gluck v Fleischman*, 233 AD2d 420 [1996]; *see generally Alvarez v Prospect Hosp., supra* at 325; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, the Supreme Court correctly denied the plaintiff's motion for leave to serve a second amended complaint. Leave to amend a pleading is to be freely given absent surprise or prejudice resulting from the delay (*see* CPLR 3025 [b]). Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed (*see AFBT-II, LLC v Country Vil. on Mooney Pond, Inc.*, 21 AD3d 972 [2005]; *Young v A. Holly Patterson Geriatric Ctr.*, 17 AD3d 667 [2005]; *Sewkarran v DeBellis*, 11 AD3d 445 [2004]; *Leonardi v City of New York*, 294 AD2d 408 [2002]). In light of the extended delay in moving for leave to serve an amended complaint and the lack of a reasonable excuse for the delay, the Supreme Court did not exercise its discretion improvidently here (*see Young v A. Holly Patterson Geriatric Ctr., supra; Sewkarran v DeBellis, supra; Leonardi v City of New York, supra; Auwarter v Malverne Union Free School Dist.*, 274 AD2d 528 [2000]). In any event, contrary to the plaintiff's contention, the Supreme Court did not err in finding that the proposed causes of action were palpably insufficient as a matter of law and were totally devoid of merit (*see Probst v Cacoulidis*, 295 AD2d 331, 331-332 [2002]; *Dairy Barn Stores v Bill's Friendly Auto Serv.*, 236 AD2d 578 [1997]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.