DAVID NESENOFF, Respondent, v DINERSTEIN & LESSER, P.C., et al., Appellants. [773 NYS2d 580]—

In action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated

December 11, 2002, which treated their post-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment pursuant to CPLR 3212 solely as one for summary judgment, and denied it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the second and third causes of action and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff previously served as rabbi to the Oyster Bay Jewish Center (hereinafter OBJC). However, OBJC declined to extend his contract after a dispute arose, and the plaintiff retained the defendant attorneys to represent him in an action against OBJC to recover damages, inter alia, for breach of contract. The action against OBJC was eventually settled.

The plaintiff was then hired by the East Northport Jewish Center (hereinafter ENJC) to serve as its rabbi. However, ENJC suspended the plaintiff without pay and declined to extend his contract after the parties became involved in a dispute. The defendant attorneys represented ENJC during that dispute.

The plaintiff then commenced this action against the defendant attorneys to recover damages for breach of fiduciary duty, breach of contract, intentional infliction of emotional distress, and interference with prospective economic advantage. The plaintiff alleged, among other things, that the defendant attorneys disclosed information to ENJC that the defendants obtained through their prior representation of him in the action against OBJC.

After joinder of issue, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and CPLR 3212. The Supreme Court treated the motion solely as one for summary judgment, and denied the motion.

The Supreme Court properly treated the motion solely as one for summary judgment since the defendants moved for summary judgment, among other relief, and clearly charted a summary judgment course (*see* CPLR 3211 [c]; *Matter of Weiss v North Shore Towers Apts.*, 300 AD2d 596 [2002]; *cf. Rich v Lefkovits*, 56 NY2d 276 [1982]).

The defendants failed to establish their prima facie entitlement to summary judgment dismissing the first cause of action to recover damages for breach of fiduciary duty. The affidavits and documentary evidence submitted in support of the motion raised issues of credibility concerning the defendants' alleged

disclosure of confidential information obtained during their prior representation of the plaintiff, which cannot be resolved as a matter of law (*see Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

Similarly, the defendants failed to establish their prima facie entitlement to summary judgment dismissing the fourth cause of action alleging interference with prospective economic advantage. There is an issue of fact as to whether the defendants caused ENJC not to extend its contract with the plaintiff and to suspend him without pay through their alleged disclosure of confidential information obtained during their prior representation of him (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

However, the defendants were entitled to summary judgment dismissing the second cause of action alleging breach of contract since that cause of action was solely based upon an alleged ethical violation (*see Brown v Samalin & Bock*, 155 AD2d 407 [1989]; *Brainard v Brown*, 91 AD2d 287 [1983]).

The defendants were also entitled to summary judgment dismissing the third cause of action alleging intentional infliction of emotional distress since, after the defendants made out a prima facie case for such relief, the plaintiff, in opposition, failed to raise a triable issue as to whether the defendants were guilty of extreme and outrageous conduct (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.