In the Matter of PASQUALE D. COVIELLO, Also Known as PAT D. COVIELLO, Deceased. MICHELE OKIN, Appellant; ISABEL CRISTINA COVIELLO et al., Respondents. [870 NYS2d 369]—

The decedent Pasquale D. Coviello, also known as Pat D. Coviello, died unexpectedly on May 4, 2004, at the age of 62, survived by his third wife, the objectant Isabel Cristina Coviello, from whom he was separated at the time of his death, and his three daughters, the objectants Lisa Coviello Gonzalez and Danielle Coviello, and the petitioner Angela E. Coviello.

The petitioner offered for admission to probate a will which her father's fiancée, the proponent Michele Okin, drafted in August or September 2003. Okin met the decedent and his wife in 1998 when she drafted a postnuptial agreement for them. Although Okin continued to represent the Coviellos in various estate-planning matters, she became intimately involved with the decedent at the end of 2002, and they began living together in January 2003.

The propounded will appointed Okin as the executor of the decedent's estate and bequeathed to her the "residue and remainder" of the estate in a sentence placed at the end of a list of specific bequests to the decedent's children and other family members. While the proponent held herself out as a tax and estate expert prior to her disbarment in June 2004, she drafted article VIII of the will to impose the entire burden of the estate

tax on the specific bequests, contrary to the decedent's stated intention for the entire estate to bear the taxes "across the board." Moreover, given that an estate tax in the sum of $2 million was imposed on the estate subsequent to the decedent's death, the tax allocation virtually nullified the specific bequests despite the decedent's intention to provide for his family as well as Okin.

After a nine-day bench trial, the Surrogate issued comprehensive findings of fact and denied admission of the will to probate on the ground that the propounded will was the product of Okin's fraud and undue influence.

The credibility determinations of the Surrogate, who presided at the trial and heard all of the testimony, are entitled to great weight on appeal (see Matter of Neary, 44 AD3d 949, 950 [2007]; Matter of Pellegrino, 30 AD3d 522 [2006]). The Surrogate properly found that the proponent intentionally misrepresented the terms of the propounded will, which caused the decedent to dispose of his property in a manner different from that which he intended (cf. Matter of Gross, 242 AD2d 333, 333-334 [1997]; Matter of Salvan, 132 AD2d 662 [1987]).

In light of our determination that the Surrogate properly denied probate of the propounded will based on a finding of fraud, we need not address whether the will was the product of the proponent's undue influence (cf. Matter of Rosen, 296 AD2d 504, 507 [2002]). Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.