In the Matter of the Estate of PASQUALE D. COVIELLO, Also Known as PAT D. COVIELLO, Deceased. ANGELA E. COVIELLO, Respondent; MICHELE OKIN, Appellant. [911 NYS2d 106]—

In a turnover proceeding pursuant to SCPA 2103 to recover certain property of the decedent's estate, Michele Okin appeals from a decree of the Surrogate's Court, Orange County (Onofry, S.), dated July 6, 2009, which, upon an order of the same court dated June 17, 2009, granting the petitioner's motion for summary judgment, is in favor of the petitioner and against her in the principal sum of $131,735.31, plus interest from May 4, 2004.

Ordered that the decree is affirmed, with costs.

The decedent died on May 4, 2004. He was survived by his wife, from whom he was separated at the time of his death, and three daughters. At the time of his death, the decedent was living with his companion Michele Okin (hereinafter the appellant). It is noted that in a prior order, the Surrogate denied probate of the decedent's will, which the appellant had drafted, on the ground that it was procured by fraud and undue influence, and this Court affirmed the denial of probate on the ground of fraud (*see Matter of Coviello*, 57 AD3d 662 [2008]).

Following the denial of probate, the decedent's daughter Angela E. Coviello (hereinafter the petitioner), as the temporary administrator of the decedent's estate, commenced this proceeding against the appellant to recover certain property withheld from the estate. The petition requested an inquiry regarding, inter alia, $20,000 in cash, approximately 20 pounds of silver, and monies in excess of $136,000, which was demanded from the appellant who was alleged to have failed and refused to return the property or to reimburse the estate.

The appellant filed a verified answer to the petition which generally denied the allegations and contained no defenses. The petitioner moved for summary judgment after the conclusion of discovery, arguing that the evidence established that the decedent paid the appellant's personal and business expenses totaling at least $107,461.71, which the decedent considered to be loans, rather than gifts. The petitioner submitted supporting documents which included the decedent's handwritten note dated January 15, 2003, stating that he was paying the appellant's expenses which the appellant intended to repay with at least five percent interest, and a UCC financing statement showing the decedent as creditor, the appellant as debtor, and the appellant's office furniture and equipment provided as collateral.

The petitioner established her prima facie entitlement to judg-

ment as a matter of law by demonstrating that the payments which the decedent made on the appellant's behalf constituted property of the estate because the decedent expected the appellant to reimburse him for the payments in the manner of a loan (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Matter of Rappaport*, 66 AD3d 1032 [2009]). In opposition, the appellant submitted her attorney's affirmation with no evidence to support his conclusory assertions that the payments were gifts to the appellant and did not constitute property of the estate (*see Zuckerman v City of New York*, 49 NY2d at 556; *cf. Gruen v Gruen*, 68 NY2d 48 [1986]). There being no triable issues of fact, the Surrogate's Court correctly granted the petitioner's motion for summary judgment.

In light of the foregoing, we need not reach the appellant's remaining contentions. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.