■ ROSLYN MAHLER, Respondent, v NORTH SHORE CAMP, LLC, Appellant. [44 NYS3d 61]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 24, 2015, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and granted the plaintiff's cross motion pursuant to CPLR 3025 (b) to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell on a defect in the street abutting the defendant's premises. She commenced this action to recover damages for personal injuries against the defendant. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and the plaintiff cross-moved pursuant to CPLR 3025 (b) to amend the complaint. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are· discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The complaint must be construed liberally, the

factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Viewed in the light most favorable to the plaintiff, the complaint alleged a cognizable cause of action, asserting that the defendant affirmatively created the hazardous condition that caused the plaintiff to fall and that it caused the condition to occur through its special use of the roadway. Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

With respect to the plaintiff's cross motion, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). The proposed amendments alleged that the defendant owned the premises where the incident occurred and breached its duty as a landowner, the defendant affirmatively created the condition, and/or that the defendant caused the defective condition to occur through its special use of the area where the incident occurred. "Causes of action or defenses may be stated alternatively or hypothetically" (CPLR 3014). Here, the proposed amended complaint set forth allegations that are not palpably insufficient or patently devoid of merit. As the defendant would not be prejudiced or surprised by the assertions in the proposed amended complaint, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion to amend the complaint. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.