■ ILENE MIALS et al., Respondents, v LEILA DOREEN MILLINGTON, Defendant, and ZSA ZSA Z. MILLINGTON HAREWOOD et al., Appellants. [53 NYS3d 160]—

Appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 19, 2014. The order, insofar as appealed from (1) by the defendant Zsa Zsa Z. Millington Harewood, denied that branch of her motion which was for summary judgment dismissing the seventh and eighth causes of action insofar as asserted against her, and (2) by the defendant Ricardo Harewood, denied that branch of his motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against him and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the separate motions of the defendants Zsa Zsa Z. Millington Harewood and Ricardo Harewood which were for summary judgment dismissing the seventh cause of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On December 8, 2004, the plaintiff Toni Mials (hereinafter Toni) purportedly executed a deed transferring title to two

properties to her mother, the plaintiff Ilene Mials (hereinafter Ilene), and Ilene's friend, the defendant Leila Doreen Millington (hereinafter Leila). In February 2005, Ilene purportedly executed a durable power of attorney naming Leila and Leila's daughter, the defendant Zsa Zsa Z. Millington Harewood (hereinafter Zsa Zsa), as her attorneys-in-fact.

In August 2012, the plaintiffs commenced this action against, among others, Zsa Zsa and her husband, Ricardo Harewood (hereinafter Ricardo), seeking, inter alia, to recover damages for conversion and breach of fiduciary duty. In the seventh cause of action, which sought to recover damages for conversion, the plaintiffs alleged that the defendants converted money received from tenants at the subject properties to which the plaintiffs were entitled by depositing that money into their bank accounts. In the eighth cause of action, which sought to recover damages for breach of fiduciary duty, the plaintiffs alleged, among other things, that Zsa Zsa owed a fiduciary duty by virtue of the durable power of attorney and that she breached that duty.

Ricardo and Zsa Zsa (hereinafter together the appellants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs cross-moved for leave to amend the complaint, among other things, to add a cause of action to recover damages for fraud and to set aside the deed dated December 8, 2004, alleging that Toni's signature on the deed was forged. In the order appealed from, the Supreme Court denied those branches of the appellants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, and granted the plaintiffs' cross motion for leave to amend the complaint.

The appellants established their prima facie entitlement to judgment as a matter of law dismissing the seventh cause of action, alleging conversion, insofar as asserted against each of them, by submitting deposition testimony from the plaintiffs, who acknowledged that they were not aware of the appellants collecting any rent money from tenants at the subject properties (*see Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806, 809 [2015]). In opposition, the plaintiffs failed to raise a triable issue of fact based on either their attorney's conclusory and unsubstantiated assertion that the appellants collected rent (*see Coccia v Liotti*, 101 AD3d 664, 666 [2012]; *Matter of Coviello*, 78 AD3d 696, 698 [2010]), or Ilene's assertion that rent was collected by unidentified parties (*see Seabury v County of Dutchess*, 38 AD3d 752, 753 [2007]; *Thomson v Rubenstein*,

31 AD3d 434, 436 [2006]). Further, contrary to the plaintiffs' contention, summary judgment was not premature with respect to the seventh cause of action (*see Reale v Tsoukas*, 146 AD3d 833, 835 [2017]). Accordingly, the Supreme Court should have granted those branches of the appellants' separate motions which were for summary judgment dismissing the seventh cause of action insofar as asserted against each of them.

However, the Supreme Court properly denied that branch of Zsa Zsa's motion which was for summary judgment dismissing the eighth cause of action, alleging breach of fiduciary duty, insofar as asserted against her. In opposition to Zsa Zsa's prima facie showing of entitlement to judgment as a matter of law dismissing that cause of action, the plaintiffs raised triable issues of fact as to whether Zsa Zsa breached her fiduciary duty (*see Nesenoff v Dinerstein & Lesser*, 5 AD3d 746, 747-748 [2004]), which was owed by virtue of the durable power of attorney (*see Matter of Ferrara*, 7 NY3d 244, 254 [2006]; *Matter of Culbreth*, 48 AD3d 564 [2008]).

Furthermore, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion for leave to amend the complaint. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Markowits v Friedman*, 144 AD3d 993, 995 [2016]; *see* CPLR 3025 [b]). Here, the proposed amended complaint set forth allegations that are not palpably insufficient or patently devoid of merit (*see Mahler v North Shore Camp, LLC*, 145 AD3d 678, 679 [2016]). Further, in opposing the plaintiff's cross motion, Ricardo made no showing of prejudice or surprise as a result of the allegations in the proposed amended complaint (*see AFBT-II, LLC v Country Vil. on Mooney Pond, Inc.*, 21 AD3d 972, 973 [2005]). Accordingly, the court providently exercised its discretion in granting the plaintiffs' cross motion for leave to amend the complaint.

To the extent Zsa Zsa raises arguments on appeal regarding those branches of her motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the eighth cause of action insofar as asserted against her, those branches of her motion remain pending and undecided (*see Bibbo v Arvanitakis*, 145 AD3d 656, 657 [2016]; *Born To Build, LLC v Saleh*, 139 AD3d 654, 656 [2016]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.

Motion by the respondents, inter alia, to strike the main brief filed by the appellant Ricardo Harewood on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated December 3, 2015, as amended by decision and order on motion dated February 7, 2017, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the respondents' motion which is to strike the main brief filed by the appellant Ricardo Harewood is denied.