■ KAY JACKSON, Appellant; v BRADLEY S. GROSS et al., Respondents, et al., Defendants. [55 NYS3d 254]—

In an action, inter alia, to recover damages for breach of a settlement agreement, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pfau, J.), entered February 26, 2014, which, upon an order of the same court dated February 18, 2014, granting those branches of the motion of the defendants Bradley S. Gross, Metropolitan Corporation for Life Skills, and Metro LH Corp., in which the defendant Rashmi Skadegaard joined, which were pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss the complaint insofar as asserted against the defendants Bradley S. Gross, Metro LH Corp., and Rashmi Skadegaard and to dismiss so much of the first cause of action as sought damages and a turnover of the stock power of the defendant Metro LH Corp. insofar as asserted against the defendant Metropolitan Corporation for Life Skills, and denying her cross motion for leave to file an amended complaint, dismissed the complaint insofar as asserted against the defendants Bradley S. Gross, Metro LH Corp., and Rashmi Skadegaard, and, in effect, dismissed so much of the first cause of action as sought damages and a turnover of the stock power of the defendant Metro LH Corp. insofar as asserted against the defendant Metropolitan Corporation for Life Skills.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for breach of a settlement agreement she entered into with the defendants Bradley S. Gross, Metropolitan Corporation for Life Skills (hereinafter MCLS), Metro LH Corp. (hereinafter Metro), and Rashmi Skadegaard. According to the settlement agreement, MCLS was obligated to pay the plaintiff $225,000 in installments, plus interest. In the event MCLS defaulted on its payment obligation and failed to timely cure its default, the plaintiff was to receive from an escrow agent a stock power transferring Gross's shares in MCLS and the plaintiff was to become the sole shareholder of MCLS. It is undisputed that MCLS defaulted in making its payments to the plaintiff. In this action, the plaintiff seeks, inter alia, a

judgment for the outstanding balance of the $225,000 MCLS agreed to pay under the settlement agreement as well as a turnover of the stock power of both MCLS and Metro, alleging breach of contract (first cause of action), breach of the duty of good faith and fair dealing (second cause of action), and violations of Debtor and Creditor Law §§ 276, 279, and 276-a (third, fourth, and fifth causes of action, respectively). Gross, MCLS, Metro, and Skadegaard (hereinafter collectively the moving defendants), moved pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss the complaint insofar as asserted against Gross, Metro, and Skadegaard and to dismiss so much of the first cause of action as sought damages and a turnover of Metro's stock power insofar as asserted against MCLS. The Supreme Court granted the motion and denied the plaintiff's cross motion for leave to file an amended complaint. We affirm.

A motion to dismiss a cause of action pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the cause of action and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]). Here, the documentary evidence, i.e., the settlement agreement, utterly refutes the factual allegations of the first cause of action to the extent it seeks damages and a turnover of Metro's stock power, and conclusively establishes a defense to those claims as a matter of law. Accordingly, the Supreme Court properly granted that branch of the moving defendants' motion which was, in effect, to dismiss the first cause of action insofar as asserted against Gross, Metro, and Skadegaard and insofar as asserted against MCLS to the extent it sought damages and a turnover of Metro's stock power.

In considering a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Raach v SLSJET Mgt. Corp.*, 134 AD3d 792, 793 [2015]). Here, even accepting the plaintiff's allegations as true and giving the plaintiff the benefit of every favorable inference, the second cause of action was duplicative of the first cause of action (*see Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 752 [2011]), and the complaint otherwise fails to state a cause of action to the extent it alleges violations of the Debtor and Creditor Law.

Accordingly, those causes of action were correctly dismissed insofar as asserted against Gross, Metro, and Skadegaard.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Mahler v North Shore Camp, LLC*, 145 AD3d 678 [2016]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Here, the Supreme Court correctly determined that the proposed amended complaint was patently devoid of merit. Accordingly, the plaintiff's cross motion was properly denied. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.