In an action to impose a constructive trust, the defendants Laurence Torsiello and Susan Torsiello appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 2, 2016, as granted the plaintiff’s motion pursuant to CPLR 3025 (b) for leave to amend the complaint and denied, as academic, their cross motion pursuant to CPLR 3211 (a) to dismiss the original complaint insofar as asserted against them.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action in 2013 to recover damages for breach of contract and unjust enrichment. He alleged that after he defaulted on the mortgage payments for his residence, he entered into an arrangement with the defendants Laurence Torsiello and Susan Torsiello (hereinafter together the defendants), his close friends and neighbors, in which he agreed to assist them in acquiring unencumbered title to his property at a substantial discount and to obtain certain permits consistent with the defendants’ anticipated use of the property, and the defendants in turn promised to pay the plaintiff a specified sum and to settle certain other debts that he had incurred. The plaintiff further alleged that after he engaged in such efforts, authorized the defendants to negotiate with his mortgagees on his behalf, and obtained permits and approvals for improvements to be made on the property by the defendants, the defendants acquired ownership of the property but reneged on the agreement and failed to perform their obligations thereunder. Thereafter, in 2016, the plaintiff moved for leave to amend the complaint insofar as asserted against the defendants to remove the causes of action sounding in breach of contract and unjust enrichment, and to substitute therefor a cause of action to impose a constructive trust, based on essentially the same allegations that were set forth in the original complaint. The defendants opposed the motion and cross-moved pursuant to CPLR 3211 (a) to dismiss the original complaint. The Supreme Court, inter alia, granted the plaintiff’s motion for leave to amend, and denied the defendants’ cross motion to dismiss as academic. The defendants appeal.
 

 A motion for leave to amend a pleading may be made “at any time” and “[l]eave shall be freely given upon such terms as may be just” (CPLR 3025 [b]). Absent prejudice or surprise resulting from the delay in making the motion, leave to amend should be granted unless the proposed amendment is patently without merit or palpably improper (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678 [2017]; Jackson v Gross, 150 AD3d 710, 712 [2017]). The decision to permit or deny the amendment is committed to the sound discretion of the trial court (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Sudit v Labin, 148 AD3d 1073 [2017]), and its determination will not lightly be set aside (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 129 AD3d 684, 685 [2015]; Ingrami v Rovner, 45 AD3d 806 [2007]; Romeo v Arrigo, 254 AD2d 270 [1998]).
 

 Contrary to the defendants’ contention, the proposed amendment was not patently without merit, as the allegations of the proposed amended complaint and the submissions in support of it adequately set forth the requisite elements for a cause of action under the broad and flexible constructive trust doctrine (see generally Simonds v Simonds, 45 NY2d 233, 241 [1978]; Sanxhaku v Margetis, 151 AD3d 778, 779 [2017]; Kaprov v Stalinsky, 145 AD3d 869, 871-872 [2016]). Furthermore, the plaintiff’s cause of action for a constructive trust, which accrued at the time the defendants acquired title to the property, was not time-barred (see CPLR 213 [1]). Additionally, despite the plaintiff’s delay in seeking the amendment, the defendants came forward with no evidence of prejudice or surprise so as to warrant the denial of the motion (see generally Kimso Apts., LLC v Gandhi, 24 NY3d at 411; Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Goldstein v St. John’s Episcopal Hosp., 267 AD2d 426, 427 [1999]; Smith v Peterson Trust, 254 AD2d 479, 480 [1998]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff’s motion for leave to amend the complaint.
 

 In view of the foregoing, the Supreme Court properly denied, as academic, the defendants’ cross motion pursuant to CPLR 3211 (a) to dismiss the original complaint.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.