Vorobeichik v Greenpoint Goldman SM, LLC (2018 NY Slip Op 05888)





Vorobeichik v Greenpoint Goldman SM, LLC


2018 NY Slip Op 05888


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-07875
 (Index No. 503335/12)

[*1]Michael Vorobeichik, appellant, 
v
Greenpoint Goldman SM, LLC, respondent.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Irene Gabo and Gregory Nahas of counsel), for appellant.
Malapero & Prisco, LLP, New York, NY (Michael J. Driscoll of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated June 21, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2012, the plaintiff commenced this action to recover damages for personal injuries allegedly resulting from the defendant's negligence. The plaintiff alleged that on September 14, 2012, he sustained injuries after slipping and falling on a liquid while performing renovation work at the defendant's premises. He alleged violations by the defendant of Labor Law §§ 200 and 241(6), and certain sections of Rule 23 of the Industrial Code. In August 2015, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging a violation of Labor Law § 240(1), claiming that he fell off a ladder and then slipped and fell. The Supreme Court denied that branch of the plaintiff's motion, and the plaintiff appeals.
"Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387; see Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926, 928; Longo v Long Is. R.R., 116 AD3d 676, 677). "The decision to permit or deny the amendment is committed to the sound discretion of the trial court, and its determination will not lightly be set aside" (Cullen v Torsiello, 156 AD3d 680, 681 [citations omitted]; see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 129 AD3d 684, 684-685; Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655; Ingrami v Rovner, 45 AD3d 806, 808). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging a violation of Labor Law § 240 (1), as the proposed amendment was palpably insufficient and patently devoid of merit (see Santostefano v Middle Country Cent. Sch. [*2]Dist., 156 AD3d at 928; Longo v Long Is. R.R., 116 AD3d at 677).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court