Yu Tian Li v Louie & Chan Rest. (2019 NY Slip Op 01529)





Yu Tian Li v Louie & Chan Rest.


2019 NY Slip Op 01529


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8589 151760/16

[*1]Yu Tian Li, Plaintiff-Respondent,
v
Louie and Chan Restaurant, Defendant-Respondent, SM 303 Broome, LLC, et al., Defendants-Appellants.


Cartafalsa, Turpin & Lenoff, New York (Michael P. Bersak of counsel), for appellants.
Napoli Shkolnik PLLC, New York (Kristina Georgiou of counsel), for Yu Tian Li, respondent.
Bartlett LLP, Mineola (Robert G. Vizza of counsel), for Louie and Chan Restaurant, respondent.



Order, Supreme Court, New York County (W. Franc Perry, III, J.), entered on or about April 11, 2018, which, inter alia, granted plaintiff's motion to amend the complaint and denied the motion of SM 303 Broome, LLC and 303 Broome Manager LLC (collectively Broome) to dismiss the complaint as against them, unanimously affirmed, without costs.
Plaintiff was injured when cellar doors situated in the sidewalk in front of premises owned, controlled and managed by Broome, suddenly opened, causing him to trip and fall. He commenced separate actions against Broome and defendant restaurant, which were subsequently consolidated. In the complaint against Broome, however, plaintiff inadvertently alleged that the accident involved a slip and fall in a parking lot. When Broome moved to dismiss on the basis of that error, plaintiff sought leave to amend to correct the error.
Leave to amend was properly granted absent any prejudice to Broome resulting from the pleading error (see Hernandez v City of Yonkers, 74 AD3d 1025, 1026-1027 [2d Dept 2010]; CPLR 3025[b]). Contrary to Broome's contentions, plaintiff's motion included the proposed pleading and sufficiently specified the changes to be made, and any technical defect was properly overlooked (see Medina v City of New York, 134 AD3d 433 [1st Dept 2015]). Furthermore, the proposed pleading was clearly not patently insufficient or devoid of merit (see Ancrum v St. Barnabas Hosp., 301 AD2d 474, 475 [1st Dept 2003]; HSBC Bank v Picarelli, 110 AD3d 1031 [2d Dept 2013]).
Since the motion to amend was properly granted, the court properly denied Broome's motion to dismiss, which was based on
the inadvertent pleading error (see also Mahler v North Shore Camp, LLC, 145 AD3d 678, 679 [2d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK