Mawere v Landau (2019 NY Slip Op 01754)





Mawere v Landau


2019 NY Slip Op 01754


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01663
 (Index No. 501184/12)

[*1]Jonathan Mawere, etc., respondent, 
v
Joel Landau, et al., appellants, et al., defendants.


Cohen & Gresser LLP, New York, NY (Lawrence T. Gresser, Daniel H. Tabak, and Thomas E. Bezanson of counsel), for appellants.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Joel Landau, Jack Basch, Leibel Rubin, Marvin Rubin, Solomon Rubin, Alliance Health Associates, Inc., and Alliance Health Property, LLC, appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 9, 2016. The order, insofar as appealed from, denied those branches of the motion of those defendants which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action of the amended complaint and so much of the seventh cause of action of the amended complaint as sought to impose a constructive trust against them, and granted those branches of the plaintiff's cross motion which were for leave to serve a second amended complaint asserting amended versions of those causes of action.
ORDERED that the appeal from so much of the order as denied those branches of the motion of the defendants Joel Landau, Jack Basch, Leibel Rubin, Marvin Rubin, Solomon Rubin, Alliance Health Associates, Inc., and Alliance Health Property, LLC, which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action of the amended complaint and so much of the seventh cause of action of the amended complaint as sought to impose a constructive trust against them is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
This action involves the purchase of Ruby Weston Manor and Marcus Garvey Residential Rehab Pavilion, Inc., two financially troubled non-profit nursing home facilities located in Brooklyn. The plaintiff alleged that the defendants Joel Landau and Jack Basch agreed to jointly purchase and operate the facilities together with him, via operating companies, the nominal defendants Alliance Health Associates, Inc., and Alliance Health Property, LLC, but that Landau and Basch, together with the defendants Leibel Rubin, Marvin Rubin, and Solomon Rubin (hereinafter collectively the purchasing defendants), ultimately excluded the plaintiff from the transaction.
The purchasing and nominal defendants (hereinafter collectively the moving [*2]defendants) jointly moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. The plaintiff opposed the motion and cross-moved for leave to serve an second amended complaint. The Supreme Court denied those branches of the moving defendants' motion which were to dismiss the first and second causes of action of the amended complaint, alleging breach of an oral joint venture agreement against Landau and Basch, and so much of the seventh cause of action as sought to impose a constructive trust against all the moving defendants. The court granted those branches of the plaintiff's cross motion which were for leave to serve a second amended complaint asserting amended versions of those causes of action.
The Supreme Court providently exercised its discretion in granting those branches of the plaintiff's cross motion which were for leave to serve a second amended complaint asserting amended versions of the first and second causes of action and an amended version of so much of the seventh cause of action as sought to impose a constructive trust against the moving defendants, as there was no evidence that the moving defendants would be prejudiced or surprised by the amendments, nor were the proposed amendments palpably insufficient or patently devoid of merit (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757; Myung Hwa Jang v Mang, 164 AD3d 803; Cullen v Torsiello, 156 AD3d 680, 681).
Contrary to the moving defendants' contention, the allegations in the proposed second amended complaint and the plaintiff's affidavit in support of his cross motion adequately alleged that the plaintiff agreed to share the burden of any losses so as to support the causes of action alleging breach of an oral joint venture agreement asserted against Landau and Basch (cf. Mawere v Landau, 130 AD3d 986, 988; Rocchio v Biondi, 40 AD3d 615, 616). Likewise, the allegations in the proposed second amended complaint and the plaintiff's supporting affidavit adequately set forth the elements of a cause of action to impose a constructive trust against the moving defendants (see Simonds v Simonds, 45 NY2d 233, 241-242; Cullen v Torsiello, 156 AD3d at 681; Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1040).
Since the second amended complaint superseded the amended complaint, the appeal from so much of the order as denied those branches of the moving defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action of the amended complaint and so much of the seventh cause of action of the amended complaint as sought to impose a constructive trust against them has been rendered academic (see D'Angelo v Kujawksi, 164 AD3d 648; Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551; Tilden Dev. Corp. v Nicaj, 49 AD3d 629, 631; Williams v Feig, 12 AD3d 504, 505).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court